## *Ex parte* YOUNG.

Opinion delivered March 4, 1905.

1. SIXTEENTH SECTION LANDS—AUTHORITY TO SELL.—As the authority to direct the sale of the sixteenth section land is invested in the male inhabitants of the congressional township in which it lies, the county court cannot reject a petition of a majority of such inhabitants, its duty being confined to preventing a sacrifice of the land by a sale below its true value. (Page 362.)

2.  SAME—RESALE.—Where the county court rejects a sale of sixteenth
    section lands as being below its value, it should direct that it be
    resold at a minimum price not less than two-thirds of its appraised
    value nor than $1.25 per acre.

Appeal from Howard Circuit Court.

WILL P. FEAZEL, Judge.

Reversed.

*W. C. Rodgers,* for appellants.

The finding of the court being one of law, there was no
necessity for a bill of exceptions.   26 Ark. 536, 662; 27 Ark. 464;
34 Ark. 684; 39 Ark. 258; 43 Ark. 398; 47 Ark. 17; 61 Ark.
33; 65 Ark. 278; 66 Ark. 180.   The discretion to be exercised
by a court must be reasonable; otherwise it is subject to cor-
rection.   10 Ark. 527; 64 Ark. 162; 72 S. W. 48; 21 Ark. 460;
70 Ark. 420; 67 Ark. 142; 69 Ark. 368.   The county judge has
no arbitrary power to confirm or refuse to confirm a sale of six-
teenth section lands.   11 Ark. 44; 27 Ark. 419; 29 Ark. 354;
37 Ark. 495; 60 Neb. 749.   Appeals from the county court are
tried *de novo.*   34 Ark. 240; 50 Ark. 85.

BATTLE, J.   The statutes of this State provide that "when-
ever the inhabitants of any congressional township in this State
shall desire the sale of the sixteenth section of such township,
* * * they may, by written petition signed by a majority
of the adult male inhabitants of such township, require the col-
lector of taxes, or, if there be no collector, then the sheriff of the
county wherein such land is situated, to sell the same;" and that,
"upon the reception of the petition, the collector shall ascertain
that it is signed by a majority of the male inhabitants of such
township, and shall immediately proceed to divide the land into
forty-acre tracts," and shall cause each of such tracts to be
appraised at a fair value by three disinterested householders of the
county, after taking a certain oath; and "shall then give notice,"
in the manner prescribed by the statute, "that he will sell the
land at the court house door of the county, on the first day of the
next term of the county court, upon the terms prescribed by law,"
and upon the day of sale "shall offer the lands at public auction,
between the hours of 12 a. m. and 3 p. m. in separate subdivisions,
beginning with number one and ending with the last subdivision,
for cash, but shall sell no tract for less than three-fourths of its

appraised value, and not less than $1.25 per acre, and shall, without delay, report all sales to the county court, which may reject or confirm the same; and the statutes further provide that "if any sale be rejected, the county court may direct the collector to again advertise and offer the land, and may specify the minimum price at which the tract or tracts may be sold," which shall not be less than two-thirds of its appraised value, nor than $1.25 per acre. Kirby's Dig. § § 7700-7708.

In this case a majority of the male inhabitants of a certain congressional township petitioned to the collector of taxes of Howard County to sell a certain sixteenth section of land in such township, the same being school land. The collector, after complying with the law, sold the land at $1.25 per acre, and in excess of the appraised value thereof, and reported the sale to the county court of Howard County, which rejected the same, and the purchasers appealed to the circuit court, which held that the approval or rejection of the sales was within the discretion and power of the county court, and that it (circuit court) could not "interfere therewith, nor question the action of the county court in rejecting the sales." The purchasers appealed to this court.

The authority to direct the sale of the sixteenth section of land is vested in the male inhabitants of the congressional township in which it lies. The limitations upon this power are, it shall not be sold for less than three-fourths of its appraised value, and $1.25 per acre, and the sale shall be subject to the approval or rejection of the county court. The authority to order the sale being in the male inhabitants, the jurisdiction of the county court is confined to protecting the inhabitants against a sacrifice of the land. The inhabitants decide when the land shall be sold. All that remains for the county court to do is to prevent a sacrifice by the sale of the land below its true value. Any act of the court amounting to a prohibition of the sale would be a violation of the authority of the inhabitants, and contrary to the statute. It had the right to reject the sale, but in doing so it should direct that it be resold at a minimum price not exceeding its full value, and not less than two-thirds of its appraisement, nor than $1:25 per acre.

Reversed and remanded, with instructions to the court to proceed in accordance with this opinion.