JAMES v. MALLORY.

Opinion delivered October 7, 1905.

| 76 | 509 |
| f86 | 283 |

1. FRAUD—VOLUNTARY CONVEYANCE.—A voluntary conveyance by a debtor who was in fact insolvent is void as against creditors, even though he had no actual intent to defraud. (Page 513.)

2. MORTGAGE—ABSOLUTE DEED HELD TO BE.—Where a debtor executed an absolute deed of his land to his creditor in payment of his debt, and at once repurchased the land, taking a quitclaim deed and giving his notes for the amount of such debt, for which a lien was reserved in the face of the deed, the effect of the transactions was not to extinguish the debt, but merely to give a mortgage for its payment. (Page 513.)

3. ESTOPPEL—INCONSISTENT POSITIONS.—Where a creditor took an absolute deed from his debtor, and executed to him a quitclaim deed, in the face of which a lien was reserved for the amount of the debt, he is not estopped to assert that the conveyance was only a security by reason

of the fact that he sued to foreclose the lien reserved in the quit-claim deed. (Page 514.)

4.  APPEAL—ISSUE NOT RAISED BELOW.—A claim of homestead will not be allowed on appeal where it was not asserted in the pleadings, and no direct proof was introduced tending to establish it. (Page 514.)

5.  STATUTE OF LIMITATION— FRAUDULENT CONVEYANCE.—There must be an actual holding of the property for the statutory period before a creditor is barred of his right to set aside a fraudulent conveyance and subject the property to the payment of his debt, as long as the debt itself is not barred by limitation. (Page 514.)

Appeal from Crittenden Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

Affirmed.

STATEMENT BY THE COURT.

Appellees, Mallory, Crawford & Co., commenced this suit in equity on February 4, 1901, against Stephen James, Joseph N. James, and J. L. King, to cancel a conveyance by said Stephen James, alleged to be fraudulent, of certain lands, and to subject the same to the payment of appellees' claim.

Stephen James died while the suit was pending below, and the cause was revived in the name of the administrator.

On January 16, 1893, Stephen James was indebted to appellees in the sum of $18,801.22, and executed to them a deed with covenants of warranty conveying certain lands in Crittenden County. The deed recited a consideration of $18,801.22, the amount of said indebtedness, cash in hand paid. On the same day appellees reconveyed the lands to Stephen James by quitclaim deed, reciting the same consideration to be paid in two installments as evidenced by his two notes to them of that date, one for 10,000, payable December 1, 1893, and the other for $8,801.22, payable January 1, 1894, each bearing interest at 8 per cent. per annum. Subsequently James sold and conveyed some of these lands to W. R. Bateman and same to D. W. Clark on credit, and took notes for the purchase price, which he assigned to appellants.

Appellees brought suit in the Crittenden Chancery Court against James to foreclose the vendor's lien reserved in the said quitclaim deed to him, and made Bateman and Clark parties defendant to the suit. In September, 1899, a decree in that suit

was rendered in favor of appellees against James for the amount of the said notes and interest, which the court found to be the sum of $27,535, and said lands were ordered to be sold by the commissioner of the court. The lands were sold by the commissioner, and the net proceeds paid over to appellees on their debt, leaving a balance of $20,258 unpaid on December 3, 1900, the date of the last payment. On October 20, 1892, Stephen James executed to defendant J. L. King a deed conveying the lands in controversy for an expressed consideration of $2500 cash paid; and on July 31, 1893, King executed a deed to Stephen James as trustee for his two children, Joseph N. James, appellant, and America C. James, who has since died intestate and without issue. This deed recites a cash consideration of $10 and the affection of the grantor for the two beneficiaries, who were his cousins. Both of these deeds were filed for record on September 4, 1893. It is alleged in the complaint that both of these deeds were executed without consideration, and with the fraudulent intent to cheat and hinder the creditors of said Stephen James, and that he was insolvent at the time; and the purpose of this suit is to cancel them.

The answer of Joseph N. James denies that his father, Stephen N. James, was insolvent at the time of the execution of this deed to King, or that the same was executed with any fraudulent intent, and pleads the seven years statute of limitation in bar of appellees' right to sue to set aside the deed.

The chancellor found in favor of the plaintiffs upon the issue of fact, and rendered a decree in their favor for the sum of $16,330.80, cancelled said deed, and ordered said lands to be sold by the commissioner for the payment of said debt.

Defendant Joseph N. James appealed to this court.

*Wm. M. Randolph, George Randolph* and *Wassell Randolph,* for appellant.

The suit was improperly begun, and cannot be maintained. 23 Ark. 494; 23 Ark. 747; 33 Ark. 338; Wait. Fr. Conv. & Cred. Bills, § § 58-60; 11 Ark. 411; 11 Ark. 716. The deed marked exhibit "E" had for its object the support of the two minor children, America C. and Jos. N. James. 31 Ark. 581; Freeman, Cotenancy & Part. § § 12, 13, 28, 362, 365; 14 Gray, 546; 2 Kent Com. 350; 3 Kerr, Real Prop. § § 1917, 1975; 4 Ark. 602; 19

Ark. 267; 17 Ark. 154. The court had no power to withdraw from the jurisprudence of the probate court the interest in the lands in controversy which came to Jos. N. James at the death of America C. James. 10 Ark. 541; 22 Ark. 572; 27 Ark. 252; 28 Ark. 341; 33 Ark. 727; 36 Ark. 529; 40 Ark. 433; 47 Ark. 222; 48 Ark. 544; 51 Ark. 366; 8 How. 112; 14 How. 374; 17 How. 160; 21 Wall. 276. A valuable consideration may be other than the actual payment of money, and may consist of acts done after the conveyance. 1003 U. S. 22; 111 U. S. 722; 4 Kent, Com. 463; Dart, Vendors, 1018, 1019; 7 Peters, 348; 103 U. S. 22. Stephen James in procuring the conveyance from King to himself as trustee was guilty of no fraud. Kirby's Dig. § § 3659, 3660; 17 Ark. 146; 31 Ark. 554; 41 Ark. 316; 22 Ark. 477; 23 Ark. 258. The value of the lands could be denied by neither party. 1 Greenl. Ev. § § 24-27, 207; 156 U. S. 680. To annul a fraudulent transfer, the evidence must establish the assignor's intent at the time of the execution of the instrument. Wait, Fr. Conv. § 320; 8 Ark. 106, 470; 18 Ark. 124; 172; Kirby's Dig. § 3658; 67 Ark. 325; 34 Ark. 292. The deed was not fraudulent. 11 Wheat. 199; 8 Ark. 83; 1 Conn. 525; 8 Ark. 105, 470; 29 Ark. 407; 54 Ark. 162; 23 Ark. 494. Fraud will not be presumed. 38 Ark. 426; 50 Ark. 46; 56 Ark. 256. The land conveyed was Stephen James's homestead, and not subject to his debts. 44 Ark. 180; 43 Ark. 429; 52 Ark. 101; 57 Ark. 242; 73 Ark. 489. Appellees must show affirmatively a good and complete cause of action. 27 Ark. 343; 43 Ark. 136; 48 Ark. 277; 69 Ark. 311; 23 Ark. 336. Appellee's suit is barred. 10 Ark. 211; 63 Ark. 374; Kirby's Dig. § § 3757, 5056; 38 Ark. 181; 34 Ark. 537, 547; 48 Ark. 312; 50 Ark. 340; 144 U. S. 533; 2 Black, 599; 115 U. S. 623; 191 U. S. 538; Kirby's Dig. § § 6059, 5399; 53 Ark. 359; 43 Ark. 464; 47 Ark. 317; 49 Ark. 468; 67 Ark. 27; 7 Yerger, 222; 46 Ark. 25; 19 Ark. 16; 55 Ark. 572; 16 Ark. 129; 14 Ark. 479; 20 Ark. 293; 47 Ark. 301.

*Frank Smith* and *Hawthorne & Hawthorne,* for appellee.

It was not necessary to prove that an execution was issued and returned *nulla bona.* Kirby's Dig. § 6297. The conveyance from King to James as trustee is *prima facie* fraudulent, and the burden was upon appellant to show that it was not fraudulent. 22 Ark. 143; 43 Ark. 84; 38 Ark. 59; 55 Ark. 419;

55 Ark. 116; 68 Ark. 162; 70 Ark. 58. The facts upon which the decree is based need not be recited in the record. 25 Ark. 487. There was no allegation or proof tending to show that James held any of the lands as a homestead. 46 Ark. 96; 33 Ark. 454. Upon the death of America C. James her interest in the lands ascended to her father. Kirby's Dig. § 2636; 15 Ark. 555; 19 Ark. 396. The court, having jurisdiction for one purpose, had jurisdiction for all purposes, and it was its duty to direct a sale of the lands. 29 Ark. 407; 14 Ark. 50; 37 Ark. 286; 33 Ark. 454; 46 Ark. 25. Appellant is in no position to invade the doctrine of laches. 61 Ark. 527; 39 Ark. 111; 21 Florida, 203; 24 W. Va. 594; 31 Miss. 434.

McCULLOCH, J., (after stating the facts.) The testimony as to the financial condition of Stephen James at the time he executed the deed in question is conflicting, but we think by a fair preponderance his insolvency is established. It is shown that, in addition to the debt to appellees, he was indebted in a large amount to another firm of merchants in Memphis, Tenn., who were unable to collect anything from him, and whose debt remains unpaid. There is some evidence tending to establish the fact that he caused the conveyance to be executed to his children without any actual fraudulent intent, and under the honest belief that he was solvent and would be able to pay all his debts. He owned a large quantity of land, and perhaps expected to receive at some time sufficient sums from the sale of this land to pay his debts; but this hope was never realized. On the contrary, the lands upon which appellees held a lien as vendors were sold under decree, leaving him hopelessly insolvent. If he was in fact insolvent at the time, and voluntarily conveyed away his property without consideration, the conveyance is void as against creditors, even though he had no actual intent to defraud.

It is contended on behalf of appellants that the conveyance of lands by Stephen James to appellees on January 16, 1893, extinguished his debt to them, and that his notes for the price of the lands reconveyed to him by them was a new debt created subsequent to the conveyance to King. It is proved, however, that the conveyance to appellees was not in extinguishment of the debt, but as security therefor, and appellees must be treated

33

as creditors whose debts existed at the time of the fraudulent conveyance. In a recent decision on this subject we said: "The conveyance must be judged according to the real intent of the parties. If there is a debt subsisting between the parties, and it is the intention to continue the debt, it is a mortgage; but if the conveyance extinguishes the debt, and the parties intend that result, a contract for a resale at the same price does not destroy the character of the deed as an absolute conveyance." *Hays* v. *Emerson,* 75 Ark. 551, 87 S. W. 1027. Applying the rule thus announced to the facts of this case as proved with reference to the conveyance, it must be treated as a mortgage.

But counsel for appellant say that appellees, by suing to foreclose the lien reserved in the quitclaim deed, elected to treat the original debt as having been extinguished, and are now estopped to assert that the conveyance was only a security. Not so. The form of the debt only was changed, and the suit was to foreclose the security on the land, and the position assumed in this suit is not inconsistent with their position in the former suit.

It is urged here that a portion of the land was the homestead of Stephen James, and that a conveyance thereof could not have been fraudulent. The proof is not sufficient to establish the homestead right. No reference is made in the pleadings to the homestead question, and no direct proof introduced to show that the land was the homestead of James. If it was in fact his homestead, it could easily have been proved; but no witness was asked a question calculated to elicit information on the subject. All that was said about it in the testimony came out incidentally. Witness King said that James spoke of redeeming a portion of the land which his home was on, in section twenty-seven. This is too vague to base a finding upon that the land was his homestead at the time he made the conveyance in question. If that fact had been relied upon, direct proof should have been introduced tending to establish it. *Steele* v. *Robertson,* 75 Ark. 228, 87 S. W. 117.

The recent case of *Baldwin* v. *Williams,* 74 Ark. 361, 86 S. W. 423, settles the question of limitations against the contention of appellant. We there held that there must be an actual adverse holding of the property for the statutory period before a creditor is barred of his right to set aside a fraudulent

conveyance and subject the property to the payment of his debt, so long as the debt itself is not barred by limitation.

In this case the debt was not barred, and there is no proof of adverse occupancy. On the contrary, it appears that Stephen James, the debtor, remained in possession of the property until the commencement of this suit. The suit is not barred. We find no error in the decree, and the same is affirmed.