## WILLIAMS v. STATE.

### Opinion delivered July 8, 1906.

SIXTEENTH SECTION LANDS—PROVINCE OF COUNTY COURT.—Where a sale of sixteenth section land has been made at the request of a majority of the adult inhabitants of the Congressional township in which it lies, the county court should investigate the facts as to the regularity of the advertisement, appraisement and sale, the fairness of the sale and adequacy of the price, and then either confirm the sale or reject it and order a new sale.

Appeal from St. Francis Circuit Court.

HANCE N. HUTTON, Judge.

Affirmed.

*S. H. Mann* and *Rose, Hemingway & Rose,* for appellant.

Authority to reject or confirm sales must be exercised according to legal principles, and the court's action is subject to correction upon appeal to the circuit court, where the question is tried *de novo.* Kirby's Dig. § 1492; 33 Ark. 508; 43 Ark. 42; 34 Ark. 240. A bidder at a judicial sale has rights which a court of equity will protect. 36 Ark. 591; 17 Am. & Eng. Enc. Law, 996. The sale will not be set aside for inadequacy of price, unless it is so great as to shock the conscience. 124 Fed. 133; 65 Ark. 152; 44 Ark. 502; 47 Ark. 518; 56 Ark. 242. And this was not established. 163 U. S. 110; 50 Ark. 511.

*Robert L. Rogers, Attorney General,* for appellee.

The county court had authority to set aside the sale for inadequate price and order another sale. 74 Ark. 361.

McCULLOCH, J. This is an appeal from the judgment of the circuit court rejecting and refusing to confirm a sale of school lands made by the collector. Exceptions to the collector's report of sale were filed in the county court by certain citizens, and that court sustained the exceptions, and rejected the sale. On appeal, the circuit court heard the cause upon oral testimony establishing the market value of the lands, and found that it was sold for an inadequate price, and for that reason rejected the sale.

It cannot reasonably be contended that the finding of the court as to the value of the land is not sustained by the evidence, but appellants urge that, the sale having been properly and regularly made on petition of a majority of the adult inhabitants of the township, as provided by statute (this fact being admitted), it was the duty of the county court to confirm it, notwithstanding the inadequacy of the price. They invoke the application of the rule that a judicial sale which has been regularly and fairly made will not be set aside for mere inadequacy of price unless the inadequacy be so great as to shock the judicial sense of justice. But a sale of school land by the collector upon petition of the inhabitants of the township is not a judicial sale, though the statute requires that it must be confirmed by the county court. It is purely a statutory proceeding, and the statute alone must be looked to in ascertaining its terms and effect.

The statute provides that the collector, after having advertised, appraised and sold the land, shall "report all sales to the county court, which may reject or confirm the same," and that, "if any sale be rejected, the county court may direct the collector to again advertise and offer the land, and may specify the minimum price at which the tract or tracts may be sold, not to be less than two-thirds of the appraised value." Kirby's Digest, § 7707.

This court in a recent opinion concerning the power and duty of the county court with reference to such sales, said: "The authority to order the sale being in the male inhabitants, the jurisdiction of the county court is confined to protecting the inhabitants against a sacrifice of the land. The inhabitants decide when the land shall be sold. All that remains for the county court to do is

to prevent a sacrifice by the sale of the land below its true value."
Ex parte *Young,* 74 Ark. 361.  In the case at bar, both the county
and circuit courts found from the evidence introduced that
the land  had been sold for an inadequate price, and it became
the duty of the court to prevent the sacrifice by rejecting the sale
and ordering a new sale either with or without fixing a minimum
price.  We have no doubt, from the language used in the statute,
that it was intended to give the court authority to reject the sale
on account of inadequacy of price as well as on account of irregu-
larities or unfairness.  In no other way could the court completely
protect the interest of the public.  The power of the
court to either "reject or confirm" the sale is not to be
exercised arbitrarily, so as to amount to the prohibition
of a sale which the statutes  authorize the inhabitants of the
township to order.  That is what we held in Ex parte *Young,*
*supra.*  The court should investigate the facts as to the regularity
of the advertisement, appraisement and sale, the fairness of the
sale and adequacy of the price, and then either confirm the sale
or reject it and order a new sale.  We find that this is precisely .
what was done by the court below in this case, and, there being
sufficient evidence to sustain the finding, the judgment must be
affirmed.

HILL, C. J., absent and not participating.