HAWKINS BROTHERS *v.* LESSER-GOLDMAN COTTON COMPANY.

Opinion delivered February 26, 1923.

1. ACCOUNT STATED—ACTION TO SURCHARGE—JURISDICTION OF EQUITY.—An action to recover an additional amount alleged to be due on an account stated, alleging fraud therein, is an action to surcharge the settlement, rather than an action to recover damages for deceit, and is within the jurisdiction of equity, and is properly transferable to that court.

2. ACCOUNT STATED—ACTION TO SURCHARGE—BURDEN OF PROOF.—In an action to surcharge an account stated and settled and recover an alleged balance, the burden is on the plaintiff to impeach the accounts already furnished and accepted.

3. ACCOUNT STATED—CONCLUSIVENESS.—Where, in settling an account, a price is agreed upon for certain damaged cotton, those accepting such price with full knowledge are bound thereby, and cannot afterwards object to it in an action to surcharge the account stated and settled.

Appeal from Little River Chancery Court; *James D. Shaver*, Chancellor; affirmed.

*Paul Jones, Sr.*, and *James D. Head*, for appellants.

1. This case comes well within the principles announced by this court in *Sanders v. Berry*, 139 Ark. 447, 457, as disclosed by the evidence whereby it is made plain that appellee sought to induce the appellants, and did induce them, to believe that the weights on which the settlement was made were the actual compress weights after conditioning.

The fact that appellants might have learned the true weights by going to Hope is no defense to appellee. 71 Ark. 305.

2. The circuit court erred in transferring the case to equity over the objections of the plaintiffs, and the latter court erred in refusing to remand the same to the law court. 40 Ark. 189; 77 Ark. 261; 73 Ark. 542; 101 Ark. 195, syllabus; 76 Ark. 497, 501; 74 Ark. 46; 70 Ark. 189, 191; 6 Ark. 79; *Id.*, 317.

*C. E. Johnson* and *A. D. DuLaney,* for appellee.

1. As is admitted by the complaint, this is a suit to surcharge an account which has been fully settled and paid. This can only be done in equity, upon specific charges of fraud, mistake or error. Being an account fully stated, agreed upon and paid, more proof is required to surcharge it than is required to surcharge an account stated. 1 R. C. L., § 16, Accounts and Accounting; *Id.*, § 17; 1 C. J. § 357.

If the circuit court, as is contended by appellant, had concurrent jurisdiction with the chancery court in this case, since it was transferred to the chancery court and there tried, the decision of the latter court will not be reversed unless there was manifest error. 83 Ark. 1.

McCULLOCH, C. J. Appellee, a foreign corporation with its principal place of business at St. Louis, is engaged in the cotton business and has branch offices at various points in Arkansas, including Texarkana, and on December 23, 1918, appellee, through its Texarkana office, purchased from appellants, who were engaged in the mercantile business at the town of Foreman, Little River County, 809 bales of cotton, to be delivered at the compress at Hope, Arkansas. The agreed price for the cotton was 30½ cents per pound, the price to be paid in advance on the basis of what the parties termed "country weights," that is to say the book weights kept by the appellants, and there was to be a final settlement according to the compress weights. The cotton was in damaged condition on account of exposure to weather, and it was

agreed that the cotton was to be "conditioned," that is to say, the bagging and ties were to be removed and the damaged cotton removed, appellants to pay the cost of labor, and that the "pickings," that is to say, the damaged cotton removed, were to be taken by appellee at the highest prices paid at that time for such cotton.

The gross weight of the cotton, as invoiced by appellants, was 427,075 lb., and appellees paid for the cotton in advance on the basis of that weight. The cotton was shipped to Hope, as agreed, and was there "conditioned" and repacked, and on January 30, 1919, appellee furnished to appellants an itemized statement of the amount of cotton, according to the compress weights, aggregating 422,689 lbs. which, at the stipulated price of the cotton, made a debit of $1,337.73 against appellants. Another statement furnished on the same date showed the cost of labor of handling the damaged cotton, the price of the bagging, and also the weights of the pickings at 13,661 lb., and the price, at 4½ cents, aggregating $614.74, which amount was credited to appellants, after charging them with the cost of handling, leaving a credit of $85.69. Appellants immediately repaid the amount due to appellee according to these statements, but later claimed that they had received information that the compress weights of the cotton were falsely understated in the account furnished to appellants, and that the price of the pickings should have been 9 cents a pound, instead of 4½ cents.

After communications between the parties, extending over a period of several months, appellants instituted this action in the circuit court of Little River County to recover, on account of the alleged false representations, the additional amount claimed for the price of the cotton.

It is alleged in the complaint that appellee's agents misrepresented to appellant the amount of the weights, and, instead of there being a shortage of 4,386 lb. in the weights, as shown in the statement furnished to appellants, there was, in fact, a gain of 1,277 lb., and that ap-

pellants were entitled to recover the sum of $1,728.16 on this account, as well as an additional sum on account of the difference in the price of the pickings, making a total of $2,020.95 sought to be recovered.

Appellee answered the complaint, denying all the allegations with respect to the false representations concerning the weights of the cotton, and also denying the allegations with respect to the price to be paid for pickings.

There was a cross-complaint, in which it was alleged that there was even a greater loss than that set forth in the statement, as subsequently ascertained, and there was a prayer for the recovery of the additional amount of $250 from appellants.

Appellee also moved to transfer the cause to the chancery court, which was done over appellant's objections. On final hearing of the cause, the court dismissed the complaint and also the cross-complaint, and appellee accepted the decree and has not cross-appealed.

It is first insisted that the chancery court is without jurisdiction, that the circuit court erred in transferring the cause, and that the chancery court erred in refusing to remand it. The contention is that the action is nothing more nor less than one to recover damages on account of alleged fraud and deceit, and that the remedy at law is adequate.

According to the pleadings in the case, to which we must look for the purpose of determining the jurisdiction of the court and in testing the correctness of the court's ruling in transferring the cause to equity, there was an account stated between the parties and settled, and this is an action to surcharge that settlement on account of fraud and to recover the amount alleged to be actually due. It is not merely a case to recover damages on account of deceit, as, for instance, where a sale of property is induced by fraud. The correction of accounts stated, and settlement thereof for fraud or mistake, is within the original common-law jurisdiction of courts of chancery. It is unnecessary to determine

whether or not the jurisdiction of the chancery court is exclusive, for undoubtedly the jurisdiction is at least concurrent, and, under our statute, it is proper to transfer a cause from the law court to the chancery, where "all of the issues are such as heretofore were cognizable in chancery, though none were exclusively so." Crawford & Moses' Digest, § 1045.

The only issue related to the alleged fraud in the account furnished to appellants by appellee, and, as we have seen that this was at least within the concurrent jurisdiction of the chancery court, the case was properly transferred to that court.

The evidence was to some extent conflicting as to the correct weights of the cotton when reweighed at the compress, but we are of the opinion that the evidence preponderates in favor of the findings of the chancery court. The burden was on appellants to successfully impeach the accounts furnished by appellee and accepted by appellants. They offered no direct testimony as to the correct weights of the cotton, but the testimony they introduced merely tended to show that the weights had not been correctly stated. On the other hand, appellee adduced direct testimony by at least two witnesses that the weights furnished were correct.

As to the issue concerning the price of the pickings, there was also testimony preponderating in favor of the finding of the chancellor. Appellants admitted that at the time a settlement was made for the pickings the price offered by appellee was discussed, and at first objection was made to it, but the price was finally accepted, and settlement was made accordingly. After acceptance of the price, under those circumstances, it is too late for appellants to object that the price was insufficient. They knew then all that they know now concerning the price of the pickings, and the acceptance of the price offered by appellee was binding on the parties.

Our conclusion is that the decree is supported on both branches of the case by sufficient testimony, and it is therefore affirmed.