GERARD B. LAMBERT COMPANY *v.* ROGERS.

Opinion delivered December 3, 1923.

1. PLEADING—ELIMINATION OF ISSUE—INSTRUCTION.—Where, in an action for breach of a contract of employment, in which the testimony was directed to the question whether plaintiff resigned or was discharged, but not as to whether the plaintiff was rightly or wrongfully discharged, the latter issue was eliminated, and an instruction submitting it was properly refused as being abstract.

2. MASTER AND SERVANT—BREACH OF EMPLOYMENT.—DAMAGES.—In an action for breach of a contract of employment of plaintiff as a farm manager, plaintiff's contention that he sustained damages by being deprived of a home is sustained, as to the amount of damages caused thereby, by evidence that the rental value of the house ranged from $10 to $25 per month.

3. TRIAL—REPETITION OF INSTRUCTIONS. Denial of written instructions covered by the charge given was not error.

4. TRIAL—INSTRUCTIONS ON ISSUES NOT PLEADED.—It is within the court's discretion to refuse an instruction upon an issue not embraced within the pleadings, especially one which it was necessary to plead.

5. ESTOPPEL—PLEADING.—An estoppel must be specially pleaded.

Appeal from Phillips Circuit Court; *J. M. Jackson,* Judge; affirmed.

*Moore & Moore* and *J. G. Burke,* for appellant.

The court erred in giving instructions Nos. 1 and 2, requested by plaintiff, because misleading. 140 Ark. 162. Where an employee voluntarily quits the employment of his employer, he thereby forfeits his right in the contract

of employment, and cannot recover compensation for his
services.    38 Ark. 102; 87 Ark. 330; 26 Cyc. 984, Master
& Servant; 55 S. E. 613; 59 N. E. 524; 20 Eng. Law &
Equity, 157.

John C. Sheffield and W. G. Dinning, for appellee.

HUMPHREYS, J.    This suit was brought in the circuit
court of Phillips County by appellee against appellant
to recover two months' wages and the rental value of a
house for the same length of time, for an alleged breach
of an employment contract.    It was alleged that appel-
lant employed appellee on August 1, 1920, as a farm
manager on its plantation during the balance of the year,
for $275 per month and the use of a house, and that,
during the month of October, it discharged him without
cause, and refused to pay him his salary and the rental
value of the house for November and December.

Appellant filed an answer denying that it discharged
him without cause, but that, on the contrary, he volun-
tarily resigned his position, which resignation was imme-
diately accepted by it.

The cause was submitted to the jury upon the plead-
ings, testimony and instructions of the court, which
resulted in a verdict and consequent judgment for $580,
from which is this appeal.

Appellant first contends for a reversal of the judg-
ment because the instructions given deprived the jury
of deciding the question of whether or not appellee was
rightfully or wrongfully discharged.    It is true that the
complaint alleged the discharge without cause, and that
the answer denied it, and alleged a resignation, but the
proof was mainly directed to the issue of whether appel-
lee resigned or was discharged.    The trend of the testi-
mony eliminated the issue in the pleadings of whether
the discharge, if any, was wrongful.    The reliance of
appellant upon the resignation of appellee as its sole
defense made it unnecessary for the court to submit any
other issue than whether appellee resigned or was dis-
charged.    An instruction submitting the issue of whether

the discharge, if any, was without cause would have been abstract and misleading. The court did not therefore commit reversible error in refusing to insert the words "wrongfully and without cause" after the word "discharged," in instructions numbers one and two, given at the request of appellee.

Appellant next contends for a reversal of the judgment upon the alleged ground that the proof failed to show that appellee sustained any damages by reason of being deprived of the use of the house. This contention is based upon the fact that appellant did not rent another house to live in. Appellant testified, however, that he had to board, which amounted to the same thing. There was testimony in the record tending to show that the rental value of the house ranged from $10 to $25 per month.

Appellant next contends for a reversal of the judgment upon the alleged ground that the court refused to submit its theory of the case to the jury. The theory of appellant is that appellee voluntarily resigned his position, and for that reason was not entitled to recover his monthly salary beyond the date of his resignation. It is true that the court refused to give the instructions asked by appellant to this effect, but the instructions requested by appellant were covered by the oral instructions given by the court upon this issue. The court orally instructed the jury as follows:

"If you find from the testimony in this case that the plaintiff, T. L. Rogers, resigned and was not discharged from the employ of the Gerard B. Lambert Company, then you will find for the defendant.

"You are instructed that the burden of proof in this case is on the plaintiff, T. L. Rogers, to establish the allegations in this complaint."

Appellant's next and last contention for a reversal of the judgment is that appellee accepted a check in payment for his salary until November 1, and by so doing estopped himself from claiming any additional salary.

The check was inclosed by appellant to appellee in a letter of date October 16, 1920, which is as follows:

"Lambrook, Ark., Oct. 16, 1920.

"Mr. T. L. Rogers, Lambrook, Ark.

"Dear sir: Confirming our verbal conversation on Monday the 11th, it is understood that you resigned your position with the Gerard B. Lambert Co., effective at once, and I accepted your resignation. I am sending you attached, your salary check for the month of October, less your store account to the amount of $226.45. It is our desire to gain possession of the house in which you live by November 1, if possible, and would appreciate it very much if you would arrange your affairs accordingly.

"Thanking you for past favors and wishing you success in the future, we are,

"Yours truly,

"THE GERARD B. LAMBERT COMPANY.

"E. S. Cole, Asst. Treas."

The answer to this contention is that it was within the discretion of the court to refuse an instruction upon an issue not embraced within the pleadings, and especially an issue which it was necessary to plead. The defense of estoppel is one that must be specially pleaded. No request was made to amend the answer so as to plead an estoppel. *Sims* v. *Stovall*, 127 Ark. 186.

No error appearing, the judgment is affirmed.