DRAKE *v.* HOWELL.

Opinion delivered October 8, 1928.

*Wade Kitchens,* for appellant.
*McKay & Smith,* for appellee.

MEHAFFY, J.   Appellant operated a sawmill and garage, and separate books were kept for each business. A. R. Kimball worked for appellant as manager and bookkeeper of the sawmill. On July 10, 1924, appellant rendered the following account to Kimball:

"Glenville, Arkansas, 7-10-24.

"Bal. due A. R. Kimball for labor $940.92, less 5 per cent. gain for the month of June, $44.51.

"W. W. Drake.

"M. D. Paisley.

$940.72
600.00

$340.72
Check   100.00

$240.72"

It was acquiesced in by Kimball, and therefore became an account stated.

Kimball died, and Ivie E. Howell was appointed administrator, and this suit was brought to collect balance of account due, $240.72.

There is very little dispute about the facts, and we deem it unnecessary to set out the testimony, but will call attention to the part of the testimony relied on by appellant. There is no dispute about the account as stated, about it having been made and signed by appellant and Paisley and delivered to A. R. Kimball, but the appellant testifies that he discovered an error in the books, and, after the account had been delivered to Kimball, called Kimball's attention to the fact that there was an error, and that he had gone over the books, and that there was a balance due appellant.

Numbers of witnesses testified with reference to page 95 of the books, and all of them testified that there were errors on this page and that the change indicated by the errors there would change the account so that there would

be something due appellant. The appellant, however, did not introduce the books nor the whole account, but he contends that the evidence is undisputed that Kimball charged himself with a number of items which were not extended, and then also that it is undisputed that checks aggregating $370, drawn by appellant in favor of Kimball, became mixed in the garage account, and were never charged to Kimball.

Conceding that the testimony shows that these facts, together with the errors pointed out on page 95 of the books, amount to more than plaintiff's claim, this would not justify a reversal of the case.

The court gave the following instruction, requested by the plaintiff:

"You are instructed that the defendant admits that he and the plaintiff's intestate had a settlement of their dealings with each other and adjusted balances on a basis of such settlement, and that, according to said settlement had and agreed to by both the defendant and the plaintiff's intestate, there was due the plaintiff's intestate the sum of $940.92, and that since said settlement so had defendant has paid the plaintiff only $700. You are told that said settlement between the parties is presumed to be correct and must stand, unless fraud or mistake is shown in said settlement, by the preponderance of the evidence."

At the request of the appellant, the court gave the following instruction:

"The jury was instructed by the admission of the defendant, there was an account stated between the plaintiff's intestate, A. R. Kimball, and himself, and you are told that the amount ascertained and agreed to be due by such stated account is conclusive against the defendant, unless it can be shown that some error or mistake had been made, and the burden of proving the error or mistake is on the defendant. If, however, you find from the preponderance of the evidence that there was some error or mistake made, either in addition of items of the account, or a failure to charge the account of said A. R.

Kimball with checks given him by defendant, then you may go behind that settlement, and diminish or lessen the amount of said stated account by such sum as you may believe the defendant entitled, and you will return a verdict into court in accordance with your findings. And if you find that there were any made, and that defendant is entitled to credit therefor, are as much or more than the balance of the account here sued on, then your verdict will be for the defendant.''

These instructions, we think, fairly submitted to the jury the questions of fact to be determined in the case. The jury may have reached the conclusion that all these matters were considered when the account was stated. The account stated was *prima facie* correct, and the burden was on appellant to show that there was an error or mistake, and the jury was instructed that, if he had done this, he was entitled to recover. There is no effort on the part of the appellant to show what the checks testified about were given to Kimball for, nor is there any testimony tending to show whether the whole account, if considered, would have shown any errors in the account stated.

Kimball, one of the parties, has, since the account was stated, died, and we do not have his testimony. The jury would have a right to conclude that the checks were accounted for or were given to Kimball to get money for the appellant, since there was no testimony to the contrary and no testimony showing what the checks were given for. The jury would have a right to reach the conclusion that, if the whole account or checks had been introduced in evidence, the settlement between appellant and Kimball would have been shown to be correct. There was no offer made to introduce the books and no offer made to introduce the entire account or to have any examination made of the entire account to show whether or not there were other errors.

M. D. Paisley was the bookkeeper at the time the account was rendered, and did not testify. There was no testimony tending to show how the account rendered

was made, nor of the items, nor how much of the account was considered in making it up. The jury has passed on the checks, under proper instructions, and its verdict is binding on this court where there is any substantial evidence to sustain it, and we think there is substantial evidence upon which to base the verdict in this case. The errors mentioned as existing on page 95 of the record and the checks testified about would have justified an examination of the account and justified testimony as to what the checks were given for, and this would have been the only way by which it could be determined whether the account was stated correctly.

"An account stated is an admission that the account is correct, but it does not operate as an estoppel; the person who rendered the account may show that it is incorrect, show that there are mistakes or errors. The account is only *prima facie* evidence of its own correctness. And it has been said that, while a party may institute an original proceeding in equity to be relieved from it, yet, when it is interposed as a defense to an action, it may be disputed and overthrown in the same suit." *Gutshall* v. *Cooper,* 37 Colo. 212, 86 Pac. 125, 6 L. R. A. (N. S.), 820.

In this case the appellant was permitted to interpose the defense and to introduce testimony as to the correctness or incorrectness of the account and as to errors, and the court properly instructed the jury that, if they found from the evidence that there were errors and that those errors amounted to as much as the claim of the plaintiff, a verdict should be rendered for the defendant. See also *Ripley* v. *Sage Land & Imp. Co.,* 138 Wis. 304, 119 N. W. 108, 23 L. R. A. (N. S.), 787.

"An account stated is an acknowledgment of an existing condition of liability of the parties from which the law implies a promise to pay the balance thus acknowledged to be due; the words 'stated' and 'settled,' as applied to accounts, being sometimes used as synonymous." *State* v. *Ill. Cent. Ry. Co.,* 246 Ill. 188, 92 N. E. 814.

And an account stated, in the absence of fraud, error or mistake, is conclusive between the parties; either party, however, is permitted to show that there was fraud, error or mistake. But in this case, whether there was was a question of fact properly submitted to the jury.

This court has said: "An account stated is an account balanced and rendered with an assent to the balance, expressed or implied." *Brown* v. *Sou. Grocery Co.*, 168 Ark. 547, 271 S. W. 342, 40 A. L. R. 383.

"The burden was on appellants to successfully impeach the accounts furnished by appellee and accepted by appellants." *Hawkins Bros.* v. *Lesser-Goldman Cotton Co.*, 157 Ark. 299, 248 S. W. 275.

An account stated, as we have said, is only *prima facie* evidence of its own correctness, and may be impeached, but the burden is upon the person seeking to show errors, fraud or mistake in the account. It is not sufficient to show that, on some page of the books, there was an error, nor is it sufficient to show that the person had given checks without any evidence showing what the checks were for or whether or not they had anything to do with the account.

"When the person sought to be charged thus shows checks upon which an inference may be drawn inconsistent with the presumption of assent to the correctness of the account, the question whether the account became stated becomes one for the jury on all the evidence, under proper instructions from the court." 1 C. J. 693.

"An account stated, whether expressly or by implication, is *prima facie* evidence of the accuracy and correctness of the items thereof and of the liability of the party against whom the balance is found. And this is true although the statement of account expressly provides for the correction of errors and omissions; such a stipulation does not render the statement any the less a settled account and subject to all the rules applicable to a stated account. Accordingly, the burden of adducing evidence of fraud or mistake rests on the party who would avoid its binding force, and, in the absence of such evi-

dence, the account stated is conclusive both at law and in equity." 1 C. J. 175.

The question of whether the evidence showed a mistake or error has been settled against appellant by the verdict of the jury, and the judgment is therefore affirmed.