FIRST NATIONAL BANK OF CORNING *v.* TETERS.

Opinion delivered November 3, 1930.

600

*F. G. Taylor,* for appellant.

*J. L. Taylor,* for appellee.

KIRBY, J., (after stating the facts). Appellant insists that the chancery court was without jurisdiction and erred in dismissing its claim in the first suit for want of equity and in adjudging it not entitled to recover any more than the money advanced for payment of taxes, the interest on the Federal Land Bank's mortgage, etc. There was no presentation of any claim by the bank to the administrator for allowance within the time fixed by law for presentation of such claims and the court did not err in so holding. Any renewal or attempted renewal by the administrator of the notes of the decedent to the bank secured by the mortgage made by him, or of the mortgages given by the administrator, under the order of the probate court, to secure advances from the bank for supplies for tenants cultivating the lands of the estate, could not constitute a presentation of the claim of the bank against the estate of the decedent within the meaning of the requirements of the law, and the court did not err in holding the bank's claim barred by the statute of nonclaim. *Jordan* v. *Morrilton,* 168 Ark. 117, 269 S. W. 53.

The probate court was without jurisdiction to make an order authorizing the mortgaging of the lands of the estate by the administrator for carrying on farming operations for three years. *Doke* v. *Benton County Lumber Co.,* 114 Ark. 1, 169 S. W. 327; *Massey* v. *Doke,* 123 Ark. 211, 185 S. W. 271; *Lewis* v. *Rutherford,* 71 Ark. 282, 72 S. W. 373; *Beakley* v. *Ford,* 123 Ark. 383, 185 S. W. 796; *Hart* v. *Wimberly,* 173 Ark. 1083, 296 S. W. 39.

Appellant insists, however, that Mrs. Annie B. Teters was estopped from denying the validity of the mortgages made by the administrator to secure the advances for farming purposes, having agreed thereto in consideration that the bank would not proceed with the foreclosure of its mortgage against the estate. No estoppel was pleaded, however, and, if the conduct could

amount to an estoppel, which we do not decide, it would in no wise dispense with the necessity for presentation of the bank's claim to the administrator of the decedent's estate, nor prevent the operation of the statute of nonclaim. *Gerard B. Lambert Co.* v. *Rogers,* 161 Ark. 307, 255 S. W. 1089; *Arkansas National Bank* v. *Boles,* 97 Ark. 43, 133 S. W. 195; *Hasty* v. *Hampton Stave Co.,* 80 Ark. 409, 97 S. W. 675.

The bank did not advance any money to the administrator to make the crop for the year 1928, and had no right whatever to or claim against the rents of the lands for that year, and the court having correctly held all its claims against the decedent's estate barred by the statute of nonclaim, except as to interest advanced and taxes paid, which had been returned to it, the bank had no interest in or claim to the rents for the year 1928, and no error was committed against the bank in the decree for recovery and distribution of said rent.

The appellant applied for permission to intervene in the equity suit and asked for affirmative relief and the appellees also prayed for equitable relief, cancellation of the mortgage, etc., and no objection was made to the jurisdiction of the court before the appeal was prosecuted. The court therefore had jurisdiction, and it is too late now for the appellant to complain here that the court was without jurisdiction, even if there were grounds for such objection.

We find no error in the record, and the decree must be affirmed. It is so ordered.