BAKER *v.* JOHN DEERE Co.

5-2887                                        364 S. W. 2d 802

Opinion delivered February 18, 1963.

*William H. Drew,* for appellant.

*Chowning, McHaney, Mitchell, Hamilton & Burrow,* for appellee.

JIM JOHNSON, Associate Justice. This is a suit by the assignee of eight promissory notes against the obligor for the payment of three of the notes, after the obligor had asked the assignee for the total of all she owed and

had paid to the assignee its quoted "pay-off" amount by check marked "payment in full of all indebtedness", which amount was in fact the total amount owed on only five of the eight notes.

In 1956 and 1957, one G. L. Chapman farmed lands owned by appellant, Ophelia Baker. He had purchased farm equipment from Missco Implement Co. in Blytheville in 1955 and 1957, and gave three title-retaining promissory notes, which were assigned to appellee, The John Deere Company of St. Louis, and held at Memphis for collection. Chapman had also purchased equipment from Chicot Implement Co. in Lake Village during 1956 and 1957, and gave five notes therefor, which were also assigned to appellee and held at Little Rock for collection. In the latter part of 1957, Chapman abandoned his crop and absconded to Oklahoma, leaving appellant with a mortgage on Chapman's crops and equipment, and in order to salvage a part of the debt, appellant accepted a bill of sale to this security, including the equipment covered by the notes.

In November 1957, there was about $33,000.00 due on all the notes. In January 1958, appellant paid appellee $11,562.03 and assumed the balance by endorsement of the notes. In December 1958, appellant asked Chicot Implement Co. for the total pay-off amount, who in turn requested this information from appellee's Little Rock office, who advised Chicot Implement Co. that the net amount due was $16,796.59. Appellant paid this amount by check marked "Payment in full of all indebtedness of Ophelia Baker or G. L. Chapman". About a month later, appellee advised her that it had made a mistake in the pay-off figure by omitting the three notes held in Memphis and requested payment of $3,117.38. After appellant refused to pay this additional amount, appellee filed suit in Chicot Chancery Court, praying that appellant's account be reopened, corrected and reformed to include the amount of the three omitted notes. The trial court found that there was an account stated between the parties, that the account should be reopened, surcharged and restated because of mutual mistake, and granted judg-

ment to appellee for the amount sued for. From the judgment comes this appeal.

For reversal appellant argues primarily that there was an accord and satisfaction. The trial court found that there are two elements necessary to constitute an accord and satisfaction, which are: (1) a disputed amount involved, and (2) there is a consent to accept less than the claimed amount in settlement of the whole. *McMillan* v. *Palmer*, 198 Ark. 805, 131 S. W. 2d 943. After a detailed review of the testimony, the trial court found that while a dispute as to the amount may have existed prior to December 1958, concerning certain credits, these credits were forgiven by appellant and that no dispute existed between the parties when appellant gave appellee her check for $16,796.59. The court then found that since there was no dispute between the parties, the second issue, *i.e.* consent to accept less than the claimed amount in settlement of the whole, was therefore moot. The trial court further found that a mutual mistake existed between the parties, stating that appellee "never agreed to accept or take less than was due it, nor did defendant [appellant] contend, in the final analysis that she owed the plaintiff less than the full amount of the notes."

Appellant testified, "I wasn't expecting them to make a mistake and companies like that are not supposed to make mistakes and I took them at their word — I was honest in my part and figured they was too."

In the landmark case of *Jewell* v. *General Air Conditioning Corp.*, 226 Ark. 304, 289 S. W. 2d 881, this court approved the following definition of a mutual mistake, where each party thought it was receiving everything due it on the contract and that neither consented to take less than what was actually due, but the net result was different, there arose a mutual mistake.

From what has been said relative to the principal points and after a careful review of the complicated

record (most of which consisted of depositions) relative to other arguments for reversal, we are unable to say that the Chancellor's findings are against a clear preponderance of the evidence.

*Stricklen* v. *Mitchell*, 234 Ark. 31, 350 S. W. 2d 319.

Affirmed.