FORT SMITH SERVICE FINANCE CORPORATION
v. Claude PARRISH, Jr.

90-25 789 S.W.2d 723

Supreme Court of Arkansas
Opinion delivered May 14, 1990

*Daily, West, Core, Coffman & Canfield*, by: *Wyman R. Wade, Jr.*, for appellant.

*The Cortinez Law Firm*, by: *Mark D. D'Auteuil*, for appellee.

DALE PRICE, Justice. The question in this case is whether the appellant's acceptance of money, obtained as a result of a lien filed in a personal injury case, operated as an accord and satisfaction of a judgment in a different case. We hold it did not and reverse and remand.

The facts are that Claude Parrish's daughter, Melinda, was injured in a car accident in 1985. She was treated at Sparks Regional Medical Center in Fort Smith, and incurred over $16,000 in medical expenses. Sparks assigned the account to the appellant, Fort Smith Service Finance Corporation (FSSFC).

To collect on the account, FSSFC took two initial steps. First, pursuant to the Medical, Nursing and Hospital Lien Act, FSSFC filed a notice of a lien claim with the Sebastian County Circuit Clerk on May 6, 1986. In that notice, FSSFC sought to establish a lien on any claim, right of action, or money to which the appellee might be entitled due to injuries received through the fault or neglect of another. Second, on December 8, 1986, FSSFC filed suit against Claude Parrish for the balance due on the account, which, because of payments from various sources, had been reduced to $6,199.05. On April 22, 1987, FSSFC obtained summary judgment for that amount. This was case number 86-74.

In early 1987, Melinda Parrish filed suit against Arlis Swaim, the driver who had allegedly caused her injuries in the car

accident. Once again, acting pursuant to the Medical, Nursing and Hospital Lien Act, FSSFC filed a notice of a lien claim. This time, the notice was filed directly in the personal injury suit. A lien was sought on any claim, right of action, or money to which Melinda became entitled as a result of injuries suffered through the negligence of Arlis Swaim. The total amount of the lien claimed was $6,199.05, the same as the amount for which FSSFC earlier had obtained a summary judgment.

In August of 1988, the personal injury suit against Swaim was settled for $10,000. A hearing was held to determine how to apportion the settlement proceeds among the appellant and two other lien claimants, the Department of Human Services and the Holt-Krock Clinic. The court distributed $4,500 of the proceeds on a pro rata basis as follows: Department of Human Services, $2,025; Holt-Krock Clinic, $1,485; FSSFC, $990. The court's order provided that all liens were thereby satisfied in full. FSSFC accepted the $990.

Approximately ten months after the settlement proceeds had been distributed, Claude Parrish filed a motion in case number 86-74, the case in which summary judgment had been obtained against him. In his motion, Parrish noted that the amount of summary judgment was the same as the amount of the lien claimed by FSSFC in the personal injury action. By putting the matter in issue in the apportionment hearing and accepting $990, FSSFC, Parrish argued, agreed to accept the smaller sum in satisfaction of the whole debt.

The trial court agreed with the appellee and held that FSSFC's acceptance of the $990 was an extinguishment of the entire debt by accord and satisfaction. It is from that order that FSSFC appeals.

■■ The Medical, Nursing and Hospital Lien Act is codified at Ark. Code Ann. §§ 18-46-101 to 117 (1987). The Act provides that, if a hospital provides services to a patient who has been injured through the fault or neglect of another, the hospital shall have a lien on any claim, right of action, and money to which the patient is entitled because of that injury. Ark. Code Ann. § 18-46-104 (1987). The purpose of this lien is to encourage a hospital to extend its services and facilities to indigent persons who suffer personal injury through the negligence of another. *Buchanan* v.

*Beirne*, 197 Ark. 635, 124 S.W.2d 813 (1939); *see also* Annot., *Hospital Lien Statutes*, 25 A.L.R. 3d 858 (1969). The act should be liberally construed to effectuate this purpose. *Buchanan* v. *Beirne, supra.*

■■ To establish the lien, the hospital (or its assignee under Ark. Code Ann. § 18-46-108), may take either or both of the following steps: 1) serve a notice of its claim on the patient and on the tortfeasor or insurer, plus file the notice in the circuit clerk's office in the county in which the services have been rendered; or 2) if it is aware the patient has filed suit against the one who caused her injuries, file its notice in the court in which the lawsuit is pending. Ark. Code Ann. § 18-46-105 (1987). If the case is settled and the amount of the settlement is not sufficient to pay all lien claimants in full, each claimant receives a pro rata share as computed under Ark. Code Ann. § 18-46-117 (1987).

On appeal, Parrish offers two theories to explain why FSSFC's acceptance of $990 in satisfaction of its lien should discharge the entire debt. First, it is argued that, once the court awarded the $990 and extinguished the lien, the doctrine of *res judicata* barred FSSFC from seeking payment for a greater amount. Second, Parrish claims that FSSFC's acceptance of the $990 operated as an accord and satisfaction of the debt.

■■ The *res judicata* argument fails because extinguishment of a lien is not the equivalent of extinguishment of a debt. A lien is a right which the law gives to have a debt satisfied out of a particular thing. It affords a supplemental and additional remedy for collection of a debt. 51 Am. Jur. 2d *Liens*, § 2 at 143-44 (1969). A lien simply provides security for the payment of an obligation.

■■ For the doctrine of *res judicata* to apply, it must appear that the particular matter involved was raised and determined or that it was necessarily within the issues that might have been litigated in the previous action. *Talbot* v. *Jansen*, 294 Ark. 537, 744 S.W.2d 723 (1988). When the court awarded FSSFC $990 and extinguished its lien, the result was that FSSFC would no longer have the lien as security for the debt. The matter of Parrish's liability on the entire debt was not raised or determined in that proceeding, nor was it an issue that might have been litigated in that proceeding.

 Parrish's argument that the acceptance of the $990 operated as an accord and satisfaction of the debt must also fail. Accord and satisfaction is defined as a settlement in which one party agrees to pay and the other to receive a different consideration or a sum less than the amount to which the latter considers himself entitled. *Jewell* v. *General Air Conditioning Corp.*, 226 Ark. 304, 289 S.W.2d 881 (1956). It is an affirmative defense which must be proved by the party asserting it. ARCP Rule 8(c).

 The key element of an accord and satisfaction is a meeting of the minds, or, in more modern contract terms, an objective indicator of agreement. The parties must agree that the payment of the smaller sum will discharge the whole debt. *Dudley* v. *Adams*, 227 Ark. 376, 298 S.W.2d 701 (1957). The mere fact that the creditor receives less than the amount of his claim, with knowledge that the debtor claims to be indebted to him only to the extent of the payment made, does not necessarily establish an accord and satisfaction, *Dudley* v. *Adams, supra.*

In this case, there is simply nothing to show the parties agreed that the acceptance of the $990 would discharge the entire debt. There is no evidence that FSSFC accepted the money as anything other than the amount gained from enforcing its lien, to be applied toward the partial satisfaction of the debt owed by Parrish.

The court erred in holding that FSSFC's acceptance of $990 on its lien claim discharged the appellee's entire debt. The summary judgment should be reinstated, less a credit for the $990 and any other necessary adjustments.

Reversed and remanded.