**PROVIDENT LIFE AND ACCIDENT INSURANCE CO., Appellee,**

v.

**Thomas LINTHICUM, Patricia Linthicum, Christy Linthicum, Appellants.**

**No. 90–2136WA.**

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1991.

Decided April 9, 1991.

Robert Estes, Fayetteville, Ark., for appellants.

Timothy Fox, Little Rock, Ark., for appellee.

Before McMILLIAN and MAGILL, Circuit Judges, and BRIGHT, Senior Circuit Judge.

PER CURIAM.

Thomas Linthicum and Patricia Linthicum, husband and wife, and their daughter, Christy Linthicum, appeal from a final order entered in the District Court[1] for the Western District of Arkansas holding that the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* (ERISA), preempted the state subrogation law. *Provident Life & Accident Insurance Co.*, 743 F.Supp. 662 (W.D.Ark. 1990) (memorandum opinion). For reversal, the Linthicums argue the district court erred in (1) holding that the ERISA preemption claim was not barred by res judicata and (2) holding ERISA pre-empted the state subrogation law. For the reasons discussed below, we affirm the order of the district court.

The facts are not disputed. On September 5, 1987, the Linthicums were involved in a car accident with a third party named Pratt. Although all the Linthicums were injured in the accident, Christy Linthicum was severely injured. At the time of the accident Patricia Linthicum was employed by Tyson Foods, Inc., and she was a participant and Thomas Linthicum and Christy Linthicum were covered dependents under the terms and conditions of the Benefit Program for Tyson Foods, Inc., a self-funded health benefits plan under ERISA. Provident Life & Accident Insurance Co. (Provident) is the administrator of the plan. In September 1987, pursuant to the acts of third parties endorsement provision of the plan, the Linthicums executed subrogation statements acknowledging Provident was entitled to repayment from sums received by them in settlement of personal injury claims. Provident has paid a total of $105,737.17 for the Linthicums' medical expenses, including $102,060.62 for Christy Linthicum.

In 1988 the Linthicums filed a lawsuit in state court against Pratt. Provident filed a medical lien claim and subrogation claim in the state court action and attempted to intervene in the action. The state court denied Provident's motion to intervene. The Linthicums later settled the lawsuit against Pratt for $225,000.00, and the state court awarded Provident medical liens and subrogation claims in the amount of $3,676.55 for the medical expenses it paid on behalf of Thomas and Patricia Linthicum, but not Christy Linthicum. *Linthicum v. Pratt*, No. CIV–88–112, slip op. at 4 (Ark.Cir.Ct. Mar. 6, 1990) (final order).

Immediately after denial of intervention, Provident in November 1989 filed this action for declaratory and injunctive relief against the Linthicums in federal district court. Provident sought to recover the funds it had paid for the Linthicums' medical expenses pursuant to the plan's third parties endorsement provision and the Linthicums' subrogation statements and claimed that the state subrogation law had been pre-empted by ERISA. The Linthicums argued that subrogation was unconscionable and in violation of the public policy of the state and that, under state law, an insurer had no right of subrogation where the compensation recovered by the insured from the tortfeasor is less than the insured's actual loss. It was not disputed that, in view of her severe and permanent injuries, Christy Linthicum has received far

1. The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas.

less compensation from the tortfeasor than that to which she would be entitled to "make her whole." The Linthicums also argued that Provident was bound by the state court rulings. The Linthicums filed counterclaims to recover certain additional expenses.

The district court held that § 514(a) of ERISA, 29 U.S.C. § 1144(a), pre-empted the state subrogation law. 743 F.Supp. at 665–67, *citing Baxter ex rel. Baxter v. Lynn*, 886 F.2d 182, 185–86 (8th Cir.1989). The district court also held that Provident was not barred by res judicata or collateral estoppel or by the full faith and credit statute, 28 U.S.C. § 1738, from litigating its subrogation claim because Provident was not a party in the state court action. 743 F.Supp. at 667. The district court awarded Provident $105,737.17 and the Linthicums $21,165.83. This appeal followed.

■ The Linthicums first argue the district court erred in holding Provident was not barred by the prior state court order from litigating the ERISA pre-emption claim. We disagree. The district court correctly held that Provident was not bound by the prior state court order because Provident had been denied leave to intervene in the state lawsuit and thus .it was not a party to those proceedings. 743 F.Supp. at 667, *citing Gahr v. Trammel*, 796 F.2d 1063, 1066 (8th Cir.1986) (Arkansas claim preclusion law). *See also Fort Smith Service Finance Corp. v. Parrish*, 302 Ark. 299, 789 S.W.2d 723, 724–25 (1990) (extinguishment of lien is not equivalent of extinguishment of a debt; liability on entire debt was not raised or determined in action in which lien was extinguished).

The Linthicums next argue the district court erred in holding the state subrogation law was pre-empted by ERISA. The Linthicums argue the state subrogation law falls within § 514(b)(2)(A) of ERISA, 29 U.S.C. § 1144(b)(2)(A) (saving clause), and that § 514(b)(2)(B) of ERISA, 29 U.S.C. § 1144(b)(2)(B) (deemer clause), should not be construed to pre-empt traditional state regulation of insurance, including self-funded benefit plans, and urge the court to

reconsider the *Baxter ex rel. Baxter v. Lynn* decision.

■ We decline the invitation to reconsider the *Baxter ex rel. Baxter v. Lynn* decision. The district court correctly concluded that the pre-emption issue was controlled by the analysis in the *Baxter ex rel. Baxter v. Lynn* decision. 743 F.Supp. at 667. We note that, following the district court's decision in the present case, the Supreme Court reaffirmed the breadth of its prior ERISA pre-emption cases and specifically held that ERISA applied to self-funded benefit plans and pre-empted application of a state anti-subrogation law. *FMC Corp. v. Holliday*, — U.S. —, 111 S.Ct. 403, 407–11, 112 L.Ed.2d 356 (1990) (Pennsylvania anti-subrogation law; self-funded plan) (opinion filed Nov. 27, 1990).

Accordingly, the order of the district court is affirmed. *See* 8th Cir.R. 47B.