## Randall ROUGEAU and Nanette Rougeau

v.

## GREENTREE ADMINISTRATORS, INC.

### Civ. A. No. 93–1644.

United States District Court, W.D. Louisiana, Lake Charles Division.

Nov. 9, 1993.

Roger G. Burgess, Lake Charles, for plaintiffs.

Michael H. Schwartzberg, Lake Charles, for defendant.

## MEMORANDUM GRANTING MOTION FOR SUMMARY JUDGMENT

EDWIN F. HUNTER, Jr., Senior District Judge.

The basic facts are undisputed. Plaintiffs seek medical benefits and penalties against Greentree Administrators, Inc. ("Greentree"), the third party administrator of a self-funded employee benefit plan ("Plan") created by Petrocon Engineering, Inc. ("Petrocon"). The Plan is an employee benefit plan under ERISA, 29 U.S.C. § 1001, et seq. Plaintiffs alleged that Mrs. Rougeau was injured in an automobile accident and made a claim for medical benefits due to expenses incurred as a result. The Plan requires a beneficiary to execute a subrogation agreement. The affidavits and exhibits show that the Rougeaus have declined to execute the Plan's subrogation agreement. Greentree has not processed Mrs. Rougeau's claim for benefits. The state law claim advanced by plaintiff "related to the employee benefit plan" are pre-empted by ERISA.

*Motion for Summary Judgment*

Pursuant to Rule 56(c), Fed.R.Civ.P., summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [documentation submitted in support of the motion] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Bordelon v. Block*, 810 F.2d 468, 470 (5th Cir.1986).

The salient facts of this case cannot be disputed. Mrs. Rougeau was in an accident. She sought medical benefits from her husband's self-funded ERISA Plan. The Plan requires the execution of a subrogation agreement since there is the possibility of third party fault from whom damages might be collected. Mrs. Rougeau has declined to execute the subrogation agreement. The Plan has not processed her claim for benefits because of her failure to execute the subrogation agreement.

*Principles of ERISA Pre–Emption*

Although under the "saving clause", any state law regulating insurance policy terms withstands ERISA pre-emption, self-funded employee benefit plans are not covered by the clause. *FMC Corp.*, 498 U.S. at 60, 111 S.Ct. at 409; *Metropolitan Life v. Com. of Mass.*, 471 U.S. 724, 747, 105 S.Ct. 2380, 2393, 85 L.Ed.2d 728; *Powell v. Chesapeake and Potomac Tel. Co.*, 780 F.2d 419, 423. The "saving clause" is limited by § 1144(b)(2)(B), known as the "deemer clause", which provides that no employee benefit plan

shall be deemed to be an insurance company or other insurer ... or to be engaged in the business of insurance ... for the purposes of any law of any State purporting to regulate insurance companies, [or] insurance contracts....

It is by now well-established that the "deliberately expansive" language of this clause, *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 46, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987), is a signal that it is be construed extremely broadly. See *FMC Corp.*, 498 U.S. at 56, 111 S.Ct. at 407 ("[t]he preemption clause is conspicuous for its breadth"); *Ingersoll–Rand v. McClendon*, 498 U.S. 133, 137, 111 S.Ct. 478, 482, 112 L.Ed.2d 474. The key words "relate to" are used in such a way was to expand preemption beyond state laws that relate to the specific subject covered by ERISA. Thus, state laws "relate[ ] to" employee benefit plans in a much broader sense—whenever they have "a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–2900, 77 L.Ed.2d 490 (1984). This sweeping preemption of state law is consistent with Congress's decision to create a comprehensive, uniform federal scheme for the regulation of employee benefit plans. See *Ingersoll–Rand*, 498 U.S. at 137, 111 S.Ct. at 482; *Pilot Life*, 481 U.S. at 45–46, 107 S.Ct. at 1551–52.

Since the Supreme Court's decision in *FMC Corporation v. Holliday*, 498 U.S. 52, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990), it is clearly the law that a self funded employee benefit plan, is covered by the "deemer clause" and cannot be regulated by state insurance law.

Subsequent to *FMC, supra*, the issue of subrogation has arisen in other cases. In *Provident Life and Acc. Inc. Co. v. Linthicum*, 930 F.2d 14 (8th Cir.1991), the self-funded health benefit plan sought to recover medical expenses it paid to a plan beneficiary after an automobile accident. The victims of the accident, the Linthicums, had filed suit in state court to recover damages. Provident, the administrator, was not allowed to intervene for its claim of $105,737.17. The Linthicums settled the tort suit for $225,000.00. Provident filed suit in federal court seeking to recover the medical expenses pursuant to the plan's "third parties endorsement provision". *Provident, supra*, at 15.

The Linthicums argued that Provident's attempted subrogation was in violation of Arkansas public policy, and that there was no right, under Arkansas law, for an insurer to subrogate when the compensation recovered by the insured from the tort feasor was less than the insured's actual loss. The Eighth Circuit, as well as the trial court, held that the state subrogation law was pre-empted by ERISA. The court referred to its previous holding in *Baxter ex rel. Baxter v. Lynn*, 886 F.2d 182, 186–186 (8th Cir.1989). The court declined to revisit the issue because *FMC, supra*, had been decided subsequent to *Baxter, supra*. The District Court's award of $105,737.17 to Provident was affirmed.

In *Molina v. Retail Clerks Unions & Food Emp.*, 111 Cal.App.3d 872, 168 Cal.Rptr. 906 (Cal.App. Dis. 2, Div. 5), a California appellate court found the self-funded plan was able to obtain reimbursement for benefits paid a beneficiary incurred due to an automobile accident. The court found that ERISA preempted California law, and that the fund was able to recoup all benefits paid, $8,385.23, less a pro-rata share of attorney's fees and costs.

The same factual scenario is present here. The Plan has not denied Mrs. Rougeau's claim. It has required her to execute a reimbursement and subrogation agreement prior to the processing of her claim. This was specifically required under Plan Section XII, paragraph F.

■ Plaintiffs may only challenge defendant's denial of benefits *at this time* under the provisions of ERISA. The Rougeaus have made no showing that the Plan administrator's decision to require execution of a subrogation agreement prior to processing the claim was improper under federal law. The jurisprudence is quite clear to the contrary.

Defendant is entitled to Summary Judgment. IT IS SO ORDERED.

## JUDGMENT

IT IS ORDERED, ADJUDGED AND DECREED that summary judgment be entered in favor of defendant, GREENTREE ADMINISTRATORS, INC. and against

plaintiffs, RANDALL ROUGEAU and NAN-ETTE ROUGEAU. The case is dismissed.