# CHARLESTON.

FARLEY et al. v. BATEMAN et al.

Submitted February 1, 1895—Decided April 13, 1895.

SUBSEQUENT PURCHASER—UNDOCKETED JUDGMENT.
The fact that a subsequent purchaser had notice of a prior undocketed judgment may be inferred from circumstances, as well as proved by direct evidence.

W. G. HUDGINS for appellants, cited 30 Gratt. 292; 37 W. Va. 552.

HAYNES & STANARD for appellees, cited 37 W. Va. 675; 27 W. Va. 442; 35 W. Va. 719; 27 W. Va. 206; 22 W. Va. 356; 17 W. Va. 717; 38 W. Va. 248; 27 W. Va. 677; 27 W. Va. 16;

28 W. Va. 774; 55 Am. Dec. 678; 48 Mich. 465; 64 Pa. St. 120; 19 Am. & Eng. Enc. Law p. 70, note; 5 Leigh 695, 712; 16 Am. & Eng. Enc. Law 790; 84 Am. Dec. 552; 62 Am. Dec. 347; 65 Am. Dec. 283; 67 Am. Dec. 63, 74 and note; 25 Am. Dec. 215; 16 Am. & Eng. Enc. Law 837; 3 Story 364; 1 Story 172; Bump. Fraud. Conv. 493.

DENT, JUDGE:

Thomas G. Mann appeals to this Court from a decree of the Circuit Court of Summers county, holding, at the suit of Farley Bros., plaintiffs, that a certain deed, executed to him on the 2d day of April, 1894, by F. M. Bateman, was void as to certain judgments held by said plaintiffs against said Bateman.

The facts are as follows: On the 14th day of February, 1894, the plaintiffs obtained a judgment for the sum of fifty three dollars and fifty three cents with interest, and seven dollars and fifteen cents costs, before Justice H. Ewart of Summers county. This judgment was not docketed until April 9, 1894. March 15, 1894, an execution issued on said judgment. On the 2d day of April, 1894, said Bateman conveyed all his real estate to defendant Mann in consideration of one hundred and seventeen dollars and seventy six cents, being a balance due said defendant on two several judgments held by him against said Bateman for legal services rendered. Said judgments were liens on the land conveyed, and prior in right to plaintiffs' judgment.

On the same day Bateman scheduled against plaintiffs' execution. The schedule was written just after the deed, in the law office of Mann & Gwynn, by Walter M. Gwynn, member of the firm. Bateman, by conveying away all his real estate, and claiming all his personal property exempt, rendered himself hopelessly insolvent. By sections 5 and 6, chapter 139 of the Code, judgments of justices of the peace are liens on all real estate of the judgment debtor, except as to a purchaser for valuable consideration without notice they are only liens from the time of docketing.

The question presented in this case is whether the defendant Mann was a purchaser for valuable consideration with-

out notice of plaintiffs' undocketed judgment. The fact of notice may be inferred from circumstances, as well as proved by direct evidence; and where the facts and circumstances are such as to raise a presumption of notice, the burden of proof is shifted, and it devolves upon the defendant purchaser to prove want of notice. *Newman* v. *Chapman,* 2 Rand. (Va.) 93; *French* v. *Loyal Co.,* 5 Leigh, 635; 16 Am. & Eng. Enc. Law, 790.

It is said a court of equity "has a quick eye to detect fraud." A boy may satisfy his mother that his wet hair is the result of sweat, and not of his going in swimming contrary to her commands, but he will hardly convince her that his back and arms were sunburned, and his shirt turned wrong side out, in crawling through a rail fence backwards. And so, in cases of this character, one suspicious circumstance, taken alone, may be easily explained; but, when a number result from the same transaction, the explanation will hardly be sufficient. · T. G. Mann, the purchaser, was, and had been, Bateman's lawyer. He knew he was insolvent. He had judgments against him, on which he was pressing. Bateman had had a public and contested lawsuit before a justice of the county with the plaintiffs, who obtained a judgment against him, and on which there was an execution issued, and in the hands of a constable for collection. He goes to Mann's office, and in the presence of both partners executes a deed to Mann for all his real estate. Then Mann walks out of the office, and the other partner writes a schedule of Bateman's personal property, to be used against plaintiffs' execution, and then Mann comes back.

These facts, unexplained, would lead any unprejudiced and disinterested person to believe that Mann not only had notice of the judgment, but was engaged in aiding the debtor to escape its payment. And yet he fails to testify with regard to the matter, and thus firmly clinches the inference of notice according to well settled equitable principles. *Goshorn's Ex'r* v. *Snodgrass,* 17 W. Va. 717; *Parker* v. *Valentine,* 27 W. Va. 677; *Bindley* v. *Martin,* 28 W. Va. 774; *Trust Co.* v. *McClellan,* 40 W. Va. 405 (21 S. E. Rep. 1025). The final

decree, being in favor of plaintiffs in effect overrules demurrers to the bill.

For the foregoing reasons the court finds no error in the decree complained of, and it is therefore affirmed.