STEELE *v.* ROBERTSON.

Opinion delivered April 29, 1905.

1. BURDEN OF PROOF—HOMESTEAD.—Where the defendant in a suit to enforce specific performance of a sale of land alleges that the sale was void because the land constituted his homestead, the burden of proving the homestead character of the land rests upon him. (Page 229.)

2. LIS PENDENS—NOTICE.—Before the filing of a suit involving title to land becomes constructive notice to purchasers of the land, under Kirby's Digest, § 5149, notice of pendency of the action must be filed in the recorder's office. (Page 230.)

3. GOOD FAITH—BURDEN OF PROOF.—Upon one who claims to be an innocent purchaser rests the burden of proving his good faith. (Page 230.)

4. BURDEN OF PROOF—NOTICE.—Where the burden was on two persons to prove that neither of them purchased land with notice of the pendency of an action involving it, such burden is not met by proof that one of them had no notice. (Page 231.)

Appeal from Lee Chancery Court.

SAMUEL H. MANN, Special Judge.

Affirmed.

*W. A. Compton,* for appellants.

The evidence shows that there was a conditional offer and an acceptance conditional upon good title; and appellant was not bound under such state of facts. 57 Am. Rep. 858. An acceptance of an offer, to constitute a contract, must be unconditional and without modification. 31 N. W. 690; 22 Fed. 596; 101 U. S. 43, 50; 37 Ia. 186, 189; 12 Mo. App. 378. A subsequent acceptance on terms offered does not make a contract. 11 Fed. 358; L. R. 9 C. P. 158. There was no *lis pendens* at the time of the sale to Chandler and Harrington. 121 Pa. St. 130; 25 Oh. St. 652, 656; 2 Wall. 236; 44 Ark. 53. The property being the homestead of Steele, a conveyance or agreement to convey without the consent of his wife would be void. 57 Ark. 242.

*H. F. Roleson,* for appellee.

There is no evidence to show that the land was a homestead. The burden was on the interveners to establish the fact that they bought and paid for the property before the suit was brought. 53 N. Y. 452; 49 N. Y. 464; 29 Ark. 563; 13 Ark. 190. The lien of the *lis pendens* begins when the complaint is filed and the summons issued. 57 Ark. 229. Dr. Chandler does not appear, from the evidence, to have completed the purchase before the suit was filed. 44 Ark. 48; 29 Ark. 563. The letters in evidence show a valid and completed contract. 45 Ark. 17.

RIDDICK, J. This is a suit in equity brought by J. T. Robertson against H. L. Steele for the specific performance of a contract for the conveyance of a house and lot in the town of Marianna, Ark. Steele filed an answer, denying that he had sold the land to Robertson. He also alleged that the land in question was his homestead, and that he and his wife had sold and conveyed the same to C. T. Chandler and Sam Harrington, and received payment in full therefor before the suit of plaintiff was commenced.

Chandler and Harrington filed an interplea, asking to be made parties. They alleged that they had in good faith and without notice bought and paid for the property in question, and received a deed therefor, and were entitled to protection as *bona fide* purchasers without notice.

The letters introduced in evidence by the plaintiff from Robertson to Steele and from Steele to Robertson show conclusively to our minds that there was an offer to sell this place made by Steele and accepted by Robertson, and that these letters constitute a valid contract for the sale of the land.

Nor do we think there is anything in the record sufficient to overturn the finding of the chancellor that this place was not a homestead. The burden was on defendant to prove that fact. But the only reference in the entire transcript to the matter of homestead is an incidental remark made by the wife of the defendant in her deposition. She was asked if she had executed a deed conveying her homestead to Chandler and Harrington, and she replied: "Yes, I signed the deed conveying my home-

stead in the town of Marianna to Chandler and Harrington."
Now, she was not asked if the place was in fact her homestead
at that time, nor does she so testify.  This deposition was taken
in Hope, Ark., to which place she and her husband had gone
from Marianna, and where, it seems, he was living at the time
he sold the land to Robertson.  The fact that his wife in her depo-
sition spoke of this place as her homestead may convey the idea
that it was at one time their homestead; but, as they may have
moved away and abandoned it as a homestead before they sold
it, we are not able to say from that incidental remark that it
was a homestead at the time Steele contracted to sell it to Rob-
ertson.  If it was their homestead at that time, it was a fact
that could easily have been proved by testimony that it was in
fact the home of Steele and his family at the date of the letters
to Robertson, and that shows to our mind that defendants did
not rely on this point at the trial, and that it was only brought
forward after the case had been tried and lost on other issues.  If
it was a homestead, defendant did not prove it, and his contention
on that point must be overruled.

The only remaining question is whether the interplea of
Chandler and Harrington can be sustained on the ground that
they bought without notice.  In saying this we do not forget the
contention of counsel for Robertson that this action against
Steele had been commenced before the sale to Chandler and Har-
rington was consummated.  But, under the act of 1903
(Kirby's Dig. § 5149), in order to give such action the effect of
*lis pendens*, it was necessary to file a notice of the pendency
of the action in the recorder's office, and it is not shown that
such notice was filed by plaintiff, so the question of *lis pendens*
passes out, and the decision turns on the question as to whether
the interveners bought without notice.  That fact was alleged
in the interplea, and denied by plaintiff in his answer to the
interplea.  The burden to prove it was on the interveners.  Now,
both Chandler and Harrington took part in the negotiations
which led up to the purchase.  The negotiations began the day
before the suit was brought by Robertson.  The sale was con-
summated and the deed delivered by Steele to Chandler and
Harrington about four or five o'clock the next day, some two
or three hours after the suit was brought.  The contract for the

sale was made by Chandler with Steele some time before noon of the day when Chandler paid Steele ten dollars of the purchase money and took a receipt from him, showing that it was a part payment on the land. Chandler and Harrington agreed to pay Steele $600 for the property, $75 in money, and the balance in debts of Steele for which he had executed mortgages on the property. The remainder of the money, $65, was paid by Harrington at his office in the afternoon when the deed was delivered, Chandler not being present.

Now, as both of these interveners took part in the negotiations which led to this purchase, it was necessary to show that neither of them had notice up to the time of the payment of the consideration. Chandler testified directly and positively that he had no notice of the Robertson purchase until after the delivery of the deed; and as there is nothing to contradict his statement, we take it that he had no notice. But Harrington did not testify, and the only testimony bearing on the question of whether he had notice or not is the testimony of Steele, who, on being asked whether before the sale to Chandler and Harrington he had told either of them of the claim of Robertson, responded that he did not say anything to Chandler about it, but that the day before the suit was brought he told Harrington that Robertson "was figuring on the property." In another answer he states that he only told Harrington that Robertson "was figuring on the property." While this may show that Steele did not tell Harrington of the Robertson purchase, there is nothing to show that Harrington did not get the information from some other source. As before stated, the burden was on these interveners to show affirmatively that neither of them had notice. They show that Chandler had no notice; but, as Harrington acted for himself and Chandler in consummating the purchase, notice to him was in law notice also to Chandler; and as the evidence does not show that he did not know of Robertson's claim before the payment of the consideration to Steele, we are of the opinion that the interveners failed to show that they were purchasers without notice, and the judgment of the special chancellor in favor of Robertson must be sustained.