ROBERTS *v.* BURGETT.

4-7775                                                     191 S. W. 2d 579.

Opinion delivered January 7, 1946.

*Wilson & Starbird,* for appellant.

*Bob Bailey, Jr.,* and *Bob Bailey,* for appellee.

McHANEY, J. Appellee brought this action to quiet her title to a 160-acre tract of land in Johnson county against appellants who, in addition to Roberts and his wife, were her two brothers, Charley Jones and Robert Jones, and their respective wives. In his lifetime Henry W. Jones, father of appellee and appellants Charley and Robert Jones, owned the tract here in controversy, re-

ferred to herein as the "Home Place," and two other tracts, one of 105 acres, referred to as the "Lillie Burk Place," and one of 120 acres, referred to as the "Mountain Farm." He died testate in 1925, but the three Jones heirs contested the will and it was set aside. His widow continued to reside on the "Home Place" until her death in 1929. In April, 1930, appellee moved on to the "Home Place," and has continued to reside there with her family since that time, has paid all the taxes accruing thereon from 1931 to the present time, has made valuable improvements, and no one has questioned her rights to said land. In 1929, Charley Jones, being in the penitentiary on a conviction for felony, and being desirous of getting out, conveyed a one-third interest in the "Home Place" and in the "Lillie Burk Place" to appellant Roberts, the deed reciting a consideration of $500, but the real consideration being for getting him released from the penitentiary.

Appellee claimed title to the "Home Place" by virtue of an oral agreement with her brothers in 1929, whereby she should have that place, and that Charley should have the "Lillie Burk Place," and Robert the "Mountain Farm." Robert lives in Kansas, and has for many years. She testified to such an agreement, which was disputed by the others. She also relied on adverse possession, laches and estoppel, and pleaded the statute of limitations as to adverse possession.

Trial resulted in a decree in her favor. The court found that she entered into possession of the disputed tract "under what she, in good faith, thought was a family settlement, and has held the undisturbed possession thereof for approximately thirteen years prior to filing her suit and has paid the taxes thereon at all times except upon a one-half interest paid by Robert Jones in 1931 for the taxes of 1928, 1929 and 1930." As to the conveyance by Charley Jones to Roberts the court found that Roberts "seems never to have asserted any title to this 160-acre tract until after this suit was filed, or to have asked for any accounting for rents or profits, or paid or offered to pay any taxes thereon."

We think the trial court was correct in these findings. It appears to us that Robert Jones and Charley Jones, or his grantee, Roberts, virtually abandoned any right, claim or interest in this land. While her testimony as to an agreement for division of the land is strongly disputed, the fact that she took possession of the "Home Place" shortly after her stepmother's death, and has remained in possession, paying the taxes, making improvements, and otherwise exercising all the acts of exclusive ownership, such as placing a mortgage thereon, paying no rent, leasing it for coal mining, which lease was placed of record, permitting Charley Jones to occupy for a time a rent house on the land—all are very persuasive that she did have such an understanding with her brothers. But, whether she did or not, she went into possession, claiming to be the owner, and her possession has been open, notorious, exclusive and continuous for a period of more than seven years, and that notice of her adverse claim was brought home to appellants, and under the statute of limitations, § 8918 of Pope's Digest, her possession has ripened into title.

Appellants complain because appellee did not plead said statute or adverse possession until after submission of the case to the court. This was done by way of reply to appellants' cross-complaint seeking to recover their alleged two-thirds interest in said land and for an accounting for one-third of the use, rents, government subsidies, and timber removed from the land, less the taxes paid by her. There was no error in permitting this reply to be filed. The court could have treated the complaint as amended to conform to the proof. Moreover, in equity it is not necessary to plead the statute, for, as said in *Riley* v. *Norman,* 39 Ark. 158, "it has always in chancery been considered as affecting the equity of a bill, upon the principle that the court will not readily interfere to enforce rights upon which claimants have long slept." Here, Roberts has slept since his deed from Charley Jones in 1929, and Robert Jones since 1931, when he paid one-half the delinquent taxes for 1928, 1929 and 1930. Never did they take any action tending to show that they claimed any interest in the "Home Place," never paid

any taxes, never demanded any rents, until this action was filed by appellee to quiet her title.

We think they slept too long and that the statute now bars them from a recovery on their cross-complaint.

Affirmed.