## Bell *v.* Lackie.

4-8039                         198 S. W. 2d 725

Opinion delivered January 13, 1947.

1004

*George F. Hartje,* for appellant.

*Russell C. Roberts* and *Clark & Clark,* for appellee.

McHANEY, Justice. On August 13, 1945, appellee purchased from Mrs. Elmer Hunter, a defendant below and daughter of appellant, a 79-acre farm in Faulkner county, and received from her on said date a warranty deed thereto, without any restrictions or reservations therein and under an agreement to deliver possession in 30 days. Appellant was living in a house on his daughter's farm at the time and had been for a number of years, but was not farming it himself. The farm was rented for 1945 by O. C. Coker who grew hay and cotton thereon. Appellant rented the land to Coker for a portion of the crops—one-half the hay and one-fourth of the cotton and seed.

Appellee demanded the rent from Coker and, being unable to collect same as the crops were harvested, brought this action on October 2, 1945, to enforce his landlord's lien on said crops against Coker, appellant and Mrs. Hunter. Coker answered that he had already paid to appellant 200 bales of hay, as hay rentals, and that he was holding, subject to the orders of the court $291.61 as cotton rentals, same being one-fourth of all cotton and seed grown on said lands for said year, which sum was later paid into the registry of the court. Mrs. Hunter did not answer, but appeared and testified in the case for her father. Appellant answered that he had rented the land from his daughter for the year 1945, and had paid the rentals to her for said year in advance prior to her sale of said lands to appellee, and had sub-rented same to Coker, excepting the residence thereon

occupied by him, and that he was entitled to all the rents due by Coker.

Trial resulted in a decree for appellee and the clerk of the court was ordered to pay appellee the $291.61, deposited with him by Coker, and judgment was rendered against appellant for $100 representing the hay rents collected by him, and appellee was ordered to pay the costs in the court below from such rentals. This decree was based on the finding that appellant was estopped by his conduct from claiming the 1945 rentals. This appeal followed by Bell alone.

Whether appellant was estopped to claim the 1945 rents, because he was present and participated in the discussion about the sale and purchase between his daughter and appellee and particularly the statement undisputedly made that possession would be delivered to appellee in thirty days, and the statements made by appellant as to the good condition of the crops, we do not decide. There was no plea of estoppel by appellee to appellant's answer, and, generally, estoppel must be pleaded to be available as a defense to a claim.

We think the trial court correctly held that appellee is entitled to the 1945 rents, because the relation of landlord and tenant did not exist between appellant and his daughter, but only the relation of principal and agent existed between them. We think the facts and circumstances very strongly show that appellant, for three years prior to 1945, at least, was not a tenant of his daughter, but lived on the land and rented it to tenants as her agent, keeping the place up and in repair from the proceeds of the rentals. It is true that both he and his daughter testified that she rented the land to him and that he subrented it to Coker. They are both parties to this action and interested in the result, and so their testimony cannot be regarded as undisputed. Appellant testified that he paid the 1945 rent in July or August 1944, by having the barn on the place recovered at a cost of $108.50. Also, he said he paid the 1944 rent by doing some fencing and making some repairs at a cost of $50 or $60. The actual rents for 1945 paid by Coker

amounted to nearly $400. So, we are of the opinion that these facts, and others in the record, together with the relationship of father and daughter, outweigh their statements that the relation of landlord and tenant existed between them.

Of course, the language of Judge Hemingway, in *Crane* v. *Patton,* 57 Ark. 340, 21 S. W. 466, quoted by appellant, that: "The rights of the lessee are vested, not determinable at the will of the lessor; and a sale during the term of the lease, to one having notice of it, could not extinguish it," is correct, and the same would be true of an ordinary tenant, such as Coker is here, but appellant was not cultivating the land, only occupying a house on it, and he was instrumental in promoting the sale for his daughter in which possession was to be given in 30 days.

The decree is correct and is accordingly affirmed with costs of this court to appellee.