STOREY *v.* BREWER.

5-2280                                    339 S. W. 2d 112

Opinion delivered October 17, 1960.

*Ben B. Williamson, Nobe J. Henley* and *Caldwell T. Bennett,* for appellant.

*Marcus Fietz, Ivan W i l l i a m s o n* and *Kaneaster Hodges,* for appellee.

CARLETON HARRIS, Chief Justice. This appeal relates to an election contest. Appellee, Dexter Brewer, following the Democratic Primary on July 26, 1960, was certified on July 29th, as the nominee for the office of

Sheriff of Stone County, by the Democratic Central Committee o f that county. Appellant, Jake Cullen Storey, was his opponent in that election. On August 18th, which, under our statute, was the last day for the filing of an election contest (Sec. 3-245, Ark. Stats., 1956 Replacement), appellant took a complaint and summons (which had been prepared by one of his attorneys) to the office of the clerk for filing, but the clerk refused to file same until one of the attorneys listed as counsel for appellant signed the complaint. Appellant offered to sign this attorney's name, but the clerk would not permit this, and the latter placed a long distance call for the attorney at Harrison, but was unable to reach him. Appellant then took the papers back to the office of his Stone County attorney, but returned to the clerk's office about one hour later, and filed his complaint. In the meantime, the summons had been handed to Dr. T. J. Burton, coroner of Stone County,[1] by either this attorney or his secretary, and Dr. Burton took the summons and proceeded to the court house. Before entering the building, he met appellee at the west steps, and according to the testimony of this witness, Brewer stated, " 'I understand you've got some papers for me.' And I said, 'I do, and I appreciate it. I thought I'd have to hunt you.' " Burton then handed one copy of the summons to Brewer, and returned his copy to the office of appellant's Stone County attorney, where it has remained since that time.

Shortly after Burton and Brewer met on the court house steps, Storey offered his complaint for filing in the clerk's office, and the clerk filed same and accepted the fee for the filing. The record does not reflect that Storey asked that summons be issued on the complaint, though he stated that the fee included issuance of summons. Apparently appellant, knowing that Burton was in possession of the summons, was under the impression that the coroner would properly take care of that phase of instituting the suit. Later on in the day, Anita Vickers, secretary to appellant's Stone County attorney,

---

[1] Appellee contends that Burton was not legally serving as coroner, but a discussion of this contention is not necessary.

took the unsigned summons to the clerk, and according to Miss Vickers, requested the clerk to sign that summons or issue another. She stated that the clerk refused to do so. The testimony on this point is in conflict. The clerk's version, which was verified by Luther Avey (who happened to be in the clerk's office), was that she remarked "this is for Dexter Brewer, and he's done been summoned". The clerk stated that she did not refuse to sign it nor refuse to issue a new one, but after the aforementioned remark, Miss Vickers "picked it up and took it with her".

Appellee, appearing especially, and without entering his appearance, filed a Motion in Abatement, setting up that since no summons had been issued, the complaint had not been filed within the twenty days, and he asked that the cause be abated. On the same day, subsequent motions and pleadings were also filed in the following order:

(b) Motion in Abatement (Ineligibility of appellant to become nominee).

(c) Motion to Quash Summons.

(d) Demurrer.

(e) Motion to Strike.

(f) Motion to Strike.

(g) Answer and Response.

In each of these motions and pleadings, appellee commenced by stating that he was "not waiving any rights under any or either of the motions or pleas heretofore filed, but still insisting thereon". On September 15th, after the taking of testimony, the Circuit Court found "that the Contestee by his attorneys * * * filed with the Circuit Clerk of Stone County, certain motions and pleadings; that the Contestee was not entering his general appearance, but was appearing specially and reserving his right to question the jurisdiction of the court; that the court considered these motions to be filed before the demurrer and answer and so ruled; that no summons had ever been issued by the Clerk of the Court and, therefore, suit was never begun and the motion to abate

should be granted." Judgment was accordingly entered dismissing the complaint. From such judgment comes this appeal. For reversal, appellant first contends that appellee, by his conduct, is estopped from questioning the validity of the service, and second, that the pleadings filed by appellee had the effect of entering his general appearance.

Article VII, Section 49, of our State Constitution, provides:

"All writs and other judicial process shall run in the name of the State of Arkansas, bear teste and be signed by the clerks of the respective courts from which they issue."

This provision is reiterated in Section 27-303 (Ark. Stats., Anno.). Section 27-306 provides:

"The summons shall be dated upon the date it is issued, and signed by the clerk."

Further, Section 27-313:

"No summons or order for a provisional remedy shall be issued by the clerk in any action before the plaintiff's complaint or petition therein is filed in his office."

While there is some authority to the effect that acceptance or acknowledgment of service precludes a party from taking advantage of defects or irregularities in the service,[2] it will be noted here that this is not the case of a defective summons; rather, *no summons was ever issued*. In other words, this suit was not properly commenced, and appellant is accordingly compelled to rely upon one of the two points heretofore mentioned for reversal. We do not agree that the doctrine of estoppel can apply in this case. Appellant refers to the testimony of Dr. Burton, who testified that Brewer took the "summons" willingly and stated "I understand you've got some papers for me. They didn't have to do this. I would have been glad to have volunteered anyway". The testimony of the clerk, wherein she stated, "This is for

[2] For instance, failure to properly sign a summons after issuing same, signed by an improper party, or other clerical omission of the clerk.

Dexter Brewer and he's done been summoned'', is also relied upon.[3] In addition, appellant contends that the clerk refused to issue a new summons. Of course, appellee is not responsible for the actions of the clerk, and whatever statements were made by her are not binding upon him unless it be shown that the sheriff and clerk were acting in concert. This was not shown. At any rate, an essential element of estoppel is that the complaining party relied upon the act or statement of the person sought to be estopped, and suffered detriment because of such reliance. It is readily apparent in the instant cause that appellant did not rely upon either the alleged statement made by Brewer to Dr. Burton, or the statement attributed to the clerk, for Miss Vickers, who testified on behalf of appellant, was subsequently sent to the clerk's office to get the clerk's signature and seal, and, according to her evidence, also requested the issuance of a new summons. As to the contention that the clerk refused to issue a new summons, this was disputed, and was purely a question of fact. We have repeatedly held that we will not reverse the Circuit Court upon a question of fact if there is any substantial evidence to support the findings. Even if it were shown that appellant had relied upon Brewer's statement to his (Storey's) detriment, we are of the opinion that appellant still could not prevail. In Corpus Juris Secundum, Vol. 72, § 113, p. 1168, it is stated that a defendant may waive certain defects or irregularities in process or service, by failure to assert the irregularity by timely plea or motion, or by participating in the trial on the merits of the case — but where the defect in the process or service is so substantial as to render same void, it cannot be cured by waiver, consent or agreement. On page 1169, ''acceptance or acknowledgment of service precludes the party from taking advantage of any defects or irregularities in the service, but such a waiver cannot bind third parties; *nor does it apply to any de-*

---

[3] Other alleged acts are also mentioned in appellant's brief, but all took place after August 18th, which was the last day for filing suit. Reliance upon these acts could not have worked to the detriment of appellant, for it was then too late to institute action.

*fects in the summons itself.*"[4]   In other words, a defendant may, by his conduct, be estopped to object to the manner in which service is made, but estoppel does not apply where the defect in the summons itself is so substantial as to render the process void.   Certainly, this litigation deals with a substantial defect, for the summons was never issued by the clerk, and the "summons" served on Brewer by Dr. Burton, prepared away from the clerk's office, bearing no signature, and no return made to the office of the clerk as required by law, was totally ineffective.

We likewise find appellant's second contention to be without merit.   It is the position of Storey that the filing of the demurrer to the complaint, and the various motions thereafter, prior to any action being taken on the first motion, had the effect of entering the appearance of appellee.   The filing of either a general demurrer or answer would have had this effect.   We so held at least as far back as 1892.   See *Hawkins* v. *Taylor*, 56 Ark. 45, 19 S. W. 105.   As previously mentioned, the first line in this demurrer contains the language "not waiving any rights under any or either of the motions or pleas heretofore filed, but still insisting thereon", and each pleading or motion following the original motion in abatement contains substantially the same language.

Appellant cites, in support of his contention,  the cases of *Nichols* v. *Lea,* 216 Ark. 388, 225 S. W. 2d 684, and *Federal Land Bank of St. Louis* v. *Gladish,*  176 Ark. 267, 2 S. W. 2d 696, but these cases are not applicable to the cause before us.   In each of those cases, the defendant appeared specially by motion for the purpose of questioning the jurisdiction of the court over the defendant; however, in each case, the defendant filed a cross-complaint, and we held that the question of jurisdiction was accordingly waived.   The determining factor is whether defendant seeks a f f i r m a t i v e relief, *i.e.,* whether the pleading filed is more than a defensive action.   In the *Federal Land Bank* case, *supra,* the Court said:   "Where he preserves his protests he cannot be

---

[4] Emphasis supplied.

said to waive his objection. But certainly he cannot go into Court and ask affirmative relief and enter into the stipulations entered into in this case, without entering a general appearance''. No affirmative relief was sought in the cause before us, and the mere fact that the various pleadings were filed before action was taken on the first pleading is without significance. Actually, it would seem that the filing of the several motions and pleadings, each conditioned upon the failure of the prior defense, would have been of benefit to the court and all parties, since this was an election contest, and an early trial advisable.

Though perhaps it seems that appellant, while apparently seeking in a *bona fide* manner to institute suit, was somewhat the victim of circumstances, the provisions of our Constitution and Statutes were not complied with, and this appeal must fail.

Finding no reversible error, the judgment is affirmed.