JACK BOWLIN v. OVA LEA KEIFER

5-4847                                      440 S.W. 2d 232

Opinion Delivered April 21, 1969

694

*N. D. Edwards* for appellant.

*Jack Yates* and *Theron Agee* for appellee.

JOHN A. FOGLEMAN, Justice.    The primary question on this appeal involves the validity of a written instrument as a conveyance of real property.

Appellant filed a partition suit claiming to be the owner of an undivided one-seventh interest in certain tracts of land in Franklin County.    He alleged that appellee was also the owner of an undivided one-seventh interest.    Appellant asserted, and it is agreed, that the common source of title was George T. Wade, who owned all of the property at the time of his death on August 15, 1945.    Appellant claimed title by reason of a conveyance from one Victor Grady Wade, the sole heir of Guy G. Wade, who was one of the seven children of George T. Wade.    Guy G. Wade died on September 10, 1948.

On April 26, 1947, Guy G. Wade executed and delivered to appellee the following written instrument:

"Glendora, California
April 26, 1947

AGREEMENT OF SALE

NOTICE: For the sum of $300.00 cash in hand, paid, the receipt of which is hereby acknowledged, I, Guy G. Wade, sell to Ova Lea Keifer, all

my rights, title and interest in the estate of my father George T. Wade—deceased. I also agree to render proper and legal conveyance at any time upon request of said Ova Lea Keifer.

Guy G. Wade

Signed:

Guy G. Wade"

The defendants in the partition suit, of which appellee was one, filed an answer in which it was asserted that appellee was the owner of an undivided two-sevenths interest in the lands. They also denied that appellant had any interest in them. The instrument above set out was made an exhibit to their answer and later introduced in evidence in support of appellee's claim. It was also alleged in the answer that appellant knew at the time of his conveyance that his grantor had no interest in the lands and knew that Guy G. Wade had conveyed his interest to the appellee by the instrument above set out. They also alleged that the recording of this instrument on June 20, 1955, gave constructive notice to appellant.

Appellant contends that the instrument in question is void and that it was not notice either to him or to his predecessor in title. One of his arguments in support of this contention is that the deed does not describe any real property. In this respect we agree with the appellant.

In *Turrentine* v. *Thompson,* 193 Ark. 253, 99 S.W. 2d 585, we held that a deed which did not identify the land sought to be conveyed as being in any county or even in the state was void as failing to furnish a key by which the land might be certainly identified. As we said in that case, the land intended to be conveyed might be in another state.

The chancellor based his holding, in part, upon ad-

verse possession for the period of limitations by appellee, laches of appellant and estoppel. Appellee argues those defenses here even though she failed to plead either of them and testified that her claim depended entirely upon the written instrument. Generally, in order to be available to a party the defenses of limitations and estoppel must be pleaded, and relied on in the trial court. *Blakeley* v. *Ballard,* 188 Ark. 75, 65 S.W. 2d 7; *Bell* v. *Lackie,* 210 Ark. 1003, 198 S.W. 2d 725; *Moore* v. *Rommel,* 233 Ark. 989, 350 S.W. 2d 190.

The adverse possession statute may become an issue during the trial, however, either by amendment of the pleadings or by evidence showing operation of the statutory bar. *Roberts* v. *Burgett,* 209 Ark. 536, 191 S.W. 2d 579. In this case, however, appellee, on the one hand, and appellant and his grantor, on the other, were tenants in common. In order for possession of a tenant in common to be adverse to that of his cotenants, knowledge of the adverse claim must be brought home to them directly or by such notorious acts of unequivocal character that notice may be presumed. *Griffin* v. *Solomon,* 235 Ark. 909, 362 S.W. 2d 707. Stronger evidence is required when a family relationship exists than in other cases. *McGuire* v. *Wallis,* 231 Ark. 506, 330 S.W. 2d 714; *Ueltzen* v. *Roe,* 242 Ark. 17, 411 S.W. 2d 894. The burden of proof was upon appellee. *Smith* v. *Kappler,* 220 Ark. 10, 245 S.W. 2d 809.

In this case, Mrs. Keifer never talked with her nephew Victor Grady Wade about the matter. Sometime between two and six years before the trial, she executed two division orders acknowledging that Victor Grady Wade was entitled to a one-seventh interest in royalties arising from the interest of George T. Wade in the lands. The only evidence of adverse possession is the fact that rents for a two-sevenths interest were paid to appellee and none were paid to Victor G. Wade. It was shown that Victor did not inquire about his share of the rents. The sole enjoyment of rents and profits

by a tenant in common does not necessarily amount to a disseizin of a cotenant. *Hardin* v. *Tucker,* 176 Ark. 225, 3 S.W. 2d 11.

This case is remarkably similar to *Smith* v. *Kappler,* supra, where we reversed a finding of adverse possession against a cotenant seeking partition. The basis of our holding was that there was no showing that notice of the adverse claim was given and that there was a recognition of the title of the cotenant by acts done during the period of asserted adverse possession. Appellee here failed to meet her burden for the same reasons. We are not impressed with her explanation that she signed the division orders as a gratuity because they were too insignificant for her to raise any question. She admitted that she knew she was conceding a one-seventh interest to Victor Grady Wade. Her action is more consistent with a recognition of his title than with her present contention. See also *Zachery* v. *Warmack,* 213 Ark. 808, 212 S.W. 2d 706.

Generally, estoppel must be pleaded to be available as a defense. *Blakeley* v. *Ballard,* 188 Ark. 75, 65 S.W. 2d 7; *Bell* v. *Lackie,* 210 Ark. 1003, 198 S.W. 2d 725; *Moore* v. *Rommel,* 233 Ark. 989, 350 S.W. 2d 190. Estoppel may also become an issue when no objection is made to evidence in support of the defense. *Williams* v. *Davis,* 211 Ark. 725, 202 S.W. 2d 205; *Aclin* v. *Caplener,* 229 Ark. 718, 318 S.W. 2d 141. Here the defense was neither pleaded nor relied upon by appellant, who testified that her claim depended entirely upon the written instrument signed by Guy G. Wade. Although estoppel can arise by actions of a party, or his failure to speak or act as well as by representations, it does not exist unless the adverse party has in good faith relied upon the acts, representations, inaction or silence to his detriment. *Storey* v. *Brewer,* 232 Ark. 552, 339 S.W. 2d 112; *Rogers* v. *Hill,* 217 Ark. 619, 232 S.W. 2d 443; *Tarver* v. *Taliaferro,* 244 Ark. 67, 423 S.W. 2d 885. We find no evidence to show that Ora Lee Keifer relied up-

on any acts of either Victor Grady Wade or Jack Bowlin to her detriment in any respect.

In order for laches to constitute a defense, appellee must have suffered such a change in position that she could not be restored to her former state by reason of the failure of appellant or his predecessor in title to assert the present claim. *Baxter* v. *Young*, 229 Ark. 1035, 320 S.W. 2d 640. Appellant acquired title by deed from Victor Grady Wade on December 5, 1966. This action was brought February 1, 1968. Certainly there was no undue delay on appellant's part. It is not shown that appellee has suffered any change in position by reason of any delay on the part of Victor Grady Wade. Her recognition of his rights when she signed the division order negates any idea that she had changed her position in any way.

We cannot subscribe to the suggestion that the fact that appellant was married to a daughter of Guy G. Wade's widow by a subsequent marriage supplies any deficiencies in the evidence or charges appellant with any notice not otherwise shown. There might be some merit in the argument that appellant bore the burden of proof of the payment of a valuable consideration by him without notice of appellee's claim, if the instrument relied upon by appellee constituted a contract enforceable between the parties. This is not the case. A contract for the sale of land will not be enforced unless the description disclosed therein is as definite and certain as that required in a deed of conveyance. *Fordyce Lumber Company* v. *Wallace*, 85 Ark. 1, 107 S.W. 160. The instrument here does not contain such a description. *Turrentine* v. *Thompson*, supra.

The decree is reversed and the cause remanded to the trial court for entry of a decree consistent with this opinion since the title to real estate is involved.

BYRD, J., dissents.

CONLEY BYRD, Justice.    The record here shows a controversy between appellee Ova Lea Keifer and appellant Jack Bowlin to a tract containing 270 acres more or less in the Ozark District of Franklin County and to one-seventh of the proceeds of a U. S. Government check for $25,500, deposited in the registery of the court.    It is not disputed that George T. Wade was the father of Ova Lea Keifer and Guy G. Wade, together with other children.    On April 26, 1947, Guy G. Wade executed the following instrument.

"Glendora, California
April 26, 1947

"AGREEMENT OF SALE

"NOTICE: For the sum of $300.00 cash in hand, paid, the receipt of which is hereby acknowledged, I, Guy G. Wade, sell to Ova Lea Keifer, all my rights, title and interest in the estate of my father George T. Wade, deceased.    I also agree to render proper and legal conveyance at any time upon request of said Ova Lea Keifer.

Guy G. Wade

Signed:

Guy G. Wade

Subscribed and Sworn to before me this 26th day of April, 1947.

Edna Graves, Notary Public

In and for the County of Los Angeles, State of California

My Commission Expires August 27, 19        "

After execution of this instrument, Guy G. Wade died on Sept. 10, 1948, leaving as his sole and only heir

Victor Grady Wade. The testimony shows that after the Corp of Engineers begin making surveys for the Ozark Dam area, Victor Grady Wade and wife, on Dec. 5, 1966, conveyed one-seventh interest in the lands to his step-sister's husband, appellant Jack Bowlin. This deed recites a consideration "of one dollar and other valuable considerations". In offering this deed into evidence counsel for appellant stated, "Our stipulation is only to the extent that it is unnecessary to bring the clerk up to prove the deed". The record also shows that Victor Grady Wade was present in the court room but did not testify, and that the appellant Jack Bowlin neither testified nor attended the trial.

I agree with the majority opinion that the description contained in the agreement of sale is insufficient to constitute notice to a bona fide purchaser for value, HOWEVER, I do not agree that the description is void as between Ova Lea Keifer and Guy G. Wade. In *Varner* v. *Rice*, 44 Ark. 236 (1884), we permitted evidence *aliunde* to show what was meant by the description "the plantation called the Varner place". In *Thomason* v. *Abbott,* 217 Ark. 281, 229 S.W. 2d 660 (1950), we pointed out that a description "a part of the east half of south east one quarter of Section 31, 6 acres" was void for indefiniteness insofar as record title was concerned but that as between the grantor and grantee evidence *aliunde* might be introduced to establish what lands were intended to be conveyed.

Based upon the foregoing authorities it is perfectly obvious that as between appellee Ova Lea Keifer and Guy G. Wade evidence could have properly been introduced to show what the estate of George T. Wade consisted of.

Does Victor Grady Wade stand in any better position than his father? We held in *Turner* v. *Rust*, 228 Ark. 528, 309 S.W. 2d 731 (1958), that a grantor, or an heir claiming through him, is estopped to claim or assert

anything in derogation of his deed or assignment. Certainly the heir could convey no better interest to one with notice than he himself had and since he himself paid no consideration for the inheritance from his father, the title in him was no better than the title in his father.

Did the deed from Victor Grady Wade to the husband of his step-sister, reciting only a consideration "of one dollar and other valuable consideration," make Jack Bowlin a bona fide purchaser for value without notice? Since the only evidence in the record is the deed and since the record shows that Jack Bowlin was not present at the trial and did not testify, the issue turns upon who had the burden of proof. In *Osceola Land Company* v. *Chicago Mill & Lumber Company*, 84 Ark. 1, 103 S.W. 609 (1907), we said:

"The plaintiff contends that the railroad company and Chatfield were both bona fide purchasers for value without notice of the Rozell title, and the question is presented whether the burden to show notice was on the defendant or not. In the recent case of *Steele* v. *Robertson*, 75 Ark. 228, where parties came in as interveners and in order to obtain protection alleged affirmatively that they were bona fide purchasers for value without notice, we said that the burden was on them to make out their case, and to show, not only that they had paid for the land, but that they did so without notice of plaintiffs' right. When in such a case there are circumstances that tend to show notice, or tend to raise an inference of notice, and the party who claims to be a bona fide purchaser fails in his testimony to deny notice, this may be, as we held in that case, a controlling circumstance against him, without regard to who has the burden of proof. This was probably as far as we should have gone in that case, although the law as there stated is supported by a number of cases. *Bell* v. *Pleasants*, 145 Cal. 410; *Beattie* v. *Crewdson*, 124 Cal. 577; *Wilhoit* v. *Lyons*, 98 Cal. 409, *Farley* v. *Bateman*, 40 W. Va.

542; *Connecticut Mut. Life Ins. Co.* v. *Smith,* 117 Mo. 261. But a further consideration of the case has convinced us that the statement that the burden is on the party claiming to be a bona fide purchaser to show want of notice is not correct as a general rule; for, when the party relies on the defense of being a bona fide purchaser, and shows that he has paid a valuable consideration, the burden of showing that he purchased with notice is on the party alleging it or who relies on the notice to defeat the claim of bona fide purchaser.''

In 92 CJS page 228, *Vendor* & *Purchaser,* § 323(c), it is pointed out that a person who purchases property for a nominal or grossly inadequate consideration is not a bona fide purchaser, and in 92 CJS page 308, *Vendor* & *Purchaser,* § 373, it is pointed out that the recital of a consideration in the conveyance is not sufficient evidence that the grantee therein was a purchaser for value, without other evidence, to establish the defense of bona fide purchaser. To the same effect, see *Hood* v. *Webster,* 271 N.Y. Supp. 57, 2 N.E. 2d 43, 107 ALR 497, and the subsequent annotation at page 513, wherein it is said, ''In accordance with the general rule ... the numerical weight of authority is to the effect that one claiming to be a bona fide purchaser as against the holder of a prior unrecorded conveyance or encumbrance has the burden of showing that he paid a valuable consideration for the conveyance to him, and this by other evidence than the recitals in his deed.''

Thus, as I view the instrument, here involved, it was sufficient to pass title as between the parties and the description contained therein was sufficient to permit evidence of what the estate of George T. Wade consisted. In this situation Victor Grady Wade as an heir of his father, Guy G. Wade, stood in the same position as his father Guy G. Wade, under the authority of *Turner* v. *Rust, supra.* Furthermore, since the appellant Jack Bowlin failed to sustain his burden of proof by

showing that he paid a valuable consideration for the deed from Victor Grady Wade, appellant Jack Bowlin stands in no better position than his grantor. Consequently I would affirm the decree of the Chancellor holding the title good in appellee.

The majority opinion places much emphasis on *Turrentine v. Thompson,* 193 Ark. 253, 99 S.W. 2d 585 (1936). There Will Turrentine had conveyed to Zazelle Turrentine on the 4th day of May 1927. The description in Will's deed to Zazelle is as follows, "All the right, title, interest, equity, and/or claim of every kind of character, which I may now or hereafter have, as heir of Richard Turrentine, deceased, in and to all moneys, credits, chattels, effects, insurance funds, choses in action, and/or real, personal or mixed property of every kind or nature and wherever situated." Subsequently on the 4th day of June 1927, Will Turrentine conveyed by particular description the 40 acre tract to W. C. Thompson. In turn W. C. Thompson conveyed the 40 acres by particular description to Earl Thompson on Nov. 15, 1927. All conveyances were recorded.

Since all the instruments in the Turrentine case were recorded the sole issue on appeal was by stipulation of the parties—*i.e.,* whether the description in the deed from Will to Zazelle on the 4th day of May, was sufficiently definite to convey a fee simple title in an undivided ½ interest in the "SW ¼ of NE¼ of sec. 8, twp. 12 S. R. 25 W." Thus we see that by a stipulation the parties had excluded the issue of whether other evidence could be introduced as between the parties to show what lands were included in the description in the deed from Will to Zazelle. Consequently I do not consider the Turrentine case as authority for the proposition for which the majority opinion cites the case.

Therefore, I respectfully dissent.