## WILD TURKEY RANCH, INC. *v.* WILHELM NURSING HOME, INC.

CA CR 84-181                                   677 S.W.2d 871

Court of Appeals of Arkansas
Division I
Opinion delivered October 24, 1984

*H. David Blair,* for appellant.

*Burris & Berry,* for appellee.

JAMES R. COOPER, Judge. The appellee, a Florida corporation, sold certain lands in Arkansas to the appellant, an Arkansas corporation, in April of 1980. In connection with this sale, the appellant executed a promissory note which was secured by a mortgage on the land. At the time of

this transaction, the appellee was qualified to do business in Arkansas as a foreign corporation, but later its authorization to conduct business in Arkansas was revoked based on its failure to pay its franchise taxes. This foreclosure action was commenced in July of 1983 by the appellee. The appellant sought dismissal of the action, alleging that the appellee had no capacity to sue in Arkansas to enforce its contracts by virtue of the fact that its authority to do business in this state had been revoked. This motion was denied, judgment was entered against the appellant for the debt, and foreclosure of the mortgage was also ordered. From that decision, comes this appeal.

For reversal, the appellant argues that the trial court was in error in denying its motion to dismiss based on the appellee's lacking the capacity to sue to enforce its contracts in this state. This argument seems to be based on the "Wingo Act," Ark. Stat. Ann. § 64-1201 (Repl. 1980), although this statute is not cited by the appellant in its brief. The appellant cites two cases in support of its argument that the appellee ceased "to have a jural existence" when its authority to do business in Arkansas was revoked. See *Sulphur Springs Recreational Park, Inc.* v. *City of Camden,* 247 Ark. 713, 447 S.W.2d 884 (1969); *Moore* v. *Rommel,* 233 Ark. 989, 350 S.W.2d 190 (1961). In both of these cases cited by the appellant, the corporations involved were Arkansas corporations whose domestic corporate charters were re-voked and they unquestionably ceased to exist as corpora-tions in this state or any other. However, in the case at bar, the corporation involved is a Florida corporation which was, at the time the note and mortgage was executed, qualified to do business in Arkansas. Subsequently, the corporation no longer was actively involved in its Arkansas operations and therefore allowed its authority to expire. However, we cannot hold, nor can we find any authority to support the proposition that the appellee cannot enforce the valid obligation of the appellant on the note and mortgage simply because the appellee no longer is a registered foreign corporation doing business in Arkansas.

Affirmed.

CORBIN and MAYFIELD, JJ., agree.